Argued September 10, ballot title approved as modified
September 25, 1975

DRUMMONDS ET AL, *Petitioners, v.* MYERS,
*Respondent.*

540 P2d 368

*Henry H. Drummonds,* of Kulongoski, Heid, Dur-

ham & Drummonds, Eugene, argued the cause and filed a brief for petitioners.

*W. Michael Gillette,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General.

*Craig C. Henry* and *Arthur C. Nelson,* Portland, filed a brief amicus curiae.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL and BRYSON, Justices.

PER CURIAM.

This is a proceeding pursuant to ORS 254.077 for review of a ballot title and caption furnished by the Attorney General with respect to a proposed initiative enactment. The proposed enactment would amend ORS 248.015, 249.031, 249.041, 249.051, 249.320, 249.354, 249.356, 249.358, 249.366, 249.368 and 249.450 to provide for a new primary election system in Oregon.

A preliminary petition for the initiative was filed with the Secretary of State on August 1, 1975. Pursuant to ORS 254.060, the Attorney General prepared a ballot title and caption which he submitted to the Secretary of State on August 5, 1975. On August 26, 1975, petitioners filed their petition for review in which they seek to have this court certify a new ballot title and caption to the Secretary of State.

The ballot title and caption prepared by the Attorney General provide:

"Independent and Cross-Party
Primary Voting

"This measure provides all major party candidates for nomination to a particular partisan public

office (and in Presidential Preference primary) would appear on same primary ballot; electors including independents may vote for any candidate regardless of voter's party. Each major party candidate receiving highest number of votes is nominated. Nominating petitions may be signed by electors regardless of candidate's or elector's party. Party members would continue to elect or select party committeepersons and other officials."

Petitioners contend that the ballot title and caption prepared by the Attorney General do not impartially state the purpose and effect of the initiative and are "insufficient and unfair." Specifically, they argue that the present ballot title does not sufficiently emphasize what they consider to be the four main effects of the proposed initiative:

(1) that nonparty members would be allowed to participate in the selection of party nominees for elected offices;

(2) that candidates would be allowed to enter party primaries on the basis of candidate petitions signed by nonparty members;

(3) that candidates would be listed on a combined ballot at random and without regard to political party; and

(4) that voters would be able to cross back and forth across party lines in selecting candidates for different offices.

Petitioners have suggested the following alternative ballot title and caption:

"Mixed Party Primary Election

"This measure eliminates the traditional party primary wherein voters in each party select the candidate of their own party. All voters would receive identical primary ballots mixing all candi-

dates in all parties, plus independents, for each office. Non-party members, including members of other parties and independents, could vote to select the nominee of any party for each office, and sign candidate nominating petitions. Present method for selection of party committee persons by party members retained."①

■ We believe that the ballot title and caption furnished by the Attorney General meet the legislative standard set forth in ORS 254.070(4), which requires a "concise and impartial statement of the purpose of the measure." So long as the Attorney General's ballot title and caption meet that standard and are neither "insufficient" nor "unfair" (ORS 254.077), we need not determine whether petitioners' own title and caption are "better," or whether we could devise better ones ourselves. *See Rogers v. Myers,* 252 Or 656, 661, 452 P2d 302 (1969); *Dodd v. Neuner, Attorney General et al.,* 188 Or 510, 517, 216 P2d 670 (1950); *Wieder v. Hoss,* 143 Or 122, 125, 21 P2d 780 (1933).

■ However, we note that during oral argument the Attorney General's office did concede that a minor alteration in the language of the present title would avoid any confusion which otherwise might arise from the use of the term "electors." Since some of the voters might not realize that in this context the word "electors" is intended to be synonymous with "voters," we have substituted "voters" in its place.

The following caption and ballot title are certified

---

① In addition to petitioners' suggested ballot title and caption, we have before us another alternative caption which parties to an amicus brief filed in this case have urged us to adopt. They argue for the use of the caption, "Open Primary Elections," contending that that phrase is more familiar and is, therefore, a clearer representation of the essential elements of the initiative. Apparently, they are otherwise satisfied with the Attorney General's ballot title.

by this court to the Secretary of State pursuant to ORS 254.077(1):

"Independent and Cross-Party
Primary Voting

"This measure provides all major party candidates for nomination to a particular partisan public office (and in Presidential Preference primary) would appear on same primary ballot; voters including independents may vote for any candidate regardless of voter's party. Each major party candidate receiving highest number of votes is nominated. Nominating petitions may be signed by voters regardless of candidate's or voter's party. Party members would continue to elect or select party committeepersons and other officials."