Argued January 9, ballot title filed by Attorney General certified
January 15, 1976

CORN, *Petitioner,*
*v.*
MYERS et al, *Respondents.*

544 P2d 575

*Michael A. Corn,* Portland, argued the cause and
submitted a brief pro se.

*W. Michael Gillette,* Solicitor General, Salem, argued the cause and filed a brief for respondents.

*Charles F. Hinkle,* Portland, filed a brief amici curiae on behalf of ACLUS of Oregon, Inc., and others.

DENECKE, J.

**DENECKE, J.**

Sponsors have filed a proposed constitutional amendment imposing the death penalty for murder to be placed on the ballot by the initiative process.

The Attorney General prepared a ballot title for the proposed constitutional amendment. Pursuant to ORS 254.077, the petitioner has asked that we compose a different title.

ORS 254.070(4) prescribes that the ballot title "shall be a concise and impartial statement of the purpose of the measure." ORS 254.077(1) prescribes that the proposed title shall be changed if it is "insufficient or unfair." We are not empowered to change a proposed title although we are of the opinion that we can write a better ballot title. *Drummond's v. Myers*, 273 Or 216, 540 P2d 368, 370 (1975).

The ballot title proposed by the Attorney General is:

"IMPOSES DEATH PENALTY FOR MURDER

"Proposed constitutional amendment requires imposition and execution of death penalty by lethal gas upon conviction of intentional criminal homicide and criminal homicide committed by individual or accomplice (subject to specified defenses) in course of first degrees of arson, burglary, escape, kidnapping, rape, robbery or sodomy. Governor has no power to commute, reprieve or pardon except he may suspend execution of sentence for 72 hours for filing of legal papers or process."

The petitioner charges the title fails to comply with the statutes in several respects. Two of these contentions will be discussed.

The proposed amendment provides:

"For the purpose of imposing a sentence of death under this section, 'murder' means criminal homicide that:

"(a) Is committed intentionally;

"(b) Is [felony-murder];

"(c) Is expressly defined by the statutes of this state

[ 27 ]

as murder for which a penalty of death shall be imposed under this section."

■ The petitioner contends the title is deficient in not referring to (c) above; that is, the power of a future legislature to add to the list of murders to be punishable by death. We agree with the Attorney General that this omission does not render the proposed title deficient.

With a limitation of 75 words, a "judgment call" must be made as to which provisions of the proposed amendment should be referred to in the title. To accurately state the effect of (c), quoted above, the title must state that the legislature can broaden the effect of the amendment in the future if it enacts a statute: (1) adding to the crimes constituting murder, and (2) stating that the new category of murder is one for which the death sentence shall be imposed. To do this requires the use of a number of words. The petitioner proposes to do this by omitting specifying the felonies in which the felony-murder rule is applicable and stating instead that it is applicable to "certain serious felonies."

We are of the opinion that there is a reasonable basis for the Attorney General to make the choice that the felonies should be specified rather than to state that future legislatures can enlarge the number of crimes for which the death penalty must be imposed.

■ The petitioner contends that the caption should read: "Mandatory Death Penalty for Certain Murders." The Attorney General's caption reads: "Imposes Death Penalty for Murder."

"Mandatory" may be a better way to state that the amendment requires that the death penalty must be imposed. The amici curiae, the American Civil Liberties Union of Oregon and others, are of the opinion, however, that "Requires" is preferable to "Mandatory." In the statement of purpose portion of the title which appears on the ballot under the caption, the Attorney General's proposal reads that the amend-

ment "requires" the death penalty. We conclude that the caption, when read with the statement, is not "insufficient."

The ballot title proposed by the Attorney General is certified to the Secretary of State.

**TONGUE, J.,** dissenting.

Whatever personal views one may have on the subject of capital punishment, all should agree that the decision to be made by the voters of Oregon on this proposal is of extreme importance. As such, it is also of extreme importance that the voters be as fully informed about this proposal as possible within the 75 words permitted for a ballot title.

The ballot title as prepared by the Attorney General gives the direct impression that the death penalty will be mandatory only for those aggravated types of criminal homicide as listed in the ballot title as proposed by him. This is incorrect.

The proposed constitutional amendment provides as follows:

"(4) For the purpose of imposing a sentence of death under this section, 'murder' means criminal homicide that:

"(a) Is committed intentionally;

"(b) Is committed by an individual, acting either alone or with one or more individuals, who commits or attemps to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in the first degree or sodomy in the first degree and in the course of and in furtherance of the crime he is commiting or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of an individual other than one of the participants; or

"(c) *Is expressly defined by the statutes of this state as murder for which a penalty of death shall be imposed under this section.*" (Emphasis added)

[ 29 ]

ORS 163.005 now defines "criminal homicide" as "murder, manslaughter or criminally negligent homicide." ORS 163.125 now defines "manslaughter" to include homicide "committed recklessly," among other things.

At the time of oral argument the Solicitor General, representing the Attorney General, was asked whether under section 4(c) of the proposed amendment the legislature would have the power to add other criminal homicides, such as reckless homicide, to those subject to the mandatory death penalty. His answer was that the proposed amendment would confer that power upon the Oregon legislature.[1]

In my judgment the fact that the proposed amendment would confer such power upon the legislature is a fact of extreme importance to Oregon voters in deciding whether or nor to vote for the proposed constitutional amendment. At the time of oral argument the Solicitor General stated that the power of the legislature to add other criminal homicides to those subject to the death penalty was the "next most important fact" that "the public needs to know" about the proposed amendment, but said that this fact could not be explained within the 75-word limit.

The majority opinion appears to agree, upon the ground that "there is a reasonable basis for the Attorney General to make the claim that the felonies should be specified rather than state that future legislatures can enlarge the number of crimes for which the death penalty must be imposed."

In my judgment, however, the ballot title prepared by the Attorney General can well be revised so as to

---

[1] In the course of that explanation the Solicitor General stated that the proposed constitutional amendment would "freeze" the present statutory definitions of homicide committed intentionally or in the course of various major felonies (as defined in ORS 163.115) as "murder" for the purpose of the mandatory death penalty, but would "leave open to the legislature, should they choose to, to define other crimes as 'murder.' They could reinstate, for instance, reckless murder as 'murder,' rather than as manslaughter in the first degree."

make clear to the voters that "next most important fact" that "the public needs to know." This can be done and still list the specific felonies to which the felony-murder rule is applicable.[2] For these reasons I am of the opinion that the ballot title as prepared by the Attorney General is at least "insufficient," within the meaning of ORS 254.077(1).

McALLISTER, J., and HOWELL, J., join in this dissent.

---

[2]This could be accomplished by the following ballot title:

**IMPOSES DEATH PENALTY FOR MURDER**

Proposed constitutional amendment requires death penalty by gas upon conviction of murder, to include criminal homicide committed intentionally or by individual or accomplice (subject to specified defenses) in course of first degrees of arson, burglary, escape, kidnapping, rape, robbery or sodomy, and such other homicides as may later be defined by statute as "murder." Governor has no power to commute, reprieve or pardon, but may suspend execution for 72 hours for filing of legal papers.