## BLUMENAUER, *Petitioner,*
*v.*
## PAULUS, *Respondent.*
(SC 25533)
575 P2d 648

John R. Faust, Jr., of Hardy, McEwen, Weiss, Newman & Faust, Portland, argued the cause and filed briefs for petitioner.

Paul R. Romain, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

DENECKE, C. J.

**DENECKE, C. J.**

Petitioner requests a change in the ballot title prepared by the Attorney General for a measure referred by the legislature to the voters. The measure concerns the raising and expenditure of highway revenues.

In *Manny v. Paulus*, 281 Or 215, 573 P2d 1248 (1978), we stated the criteria by which we review ballot titles.

The proposed ballot title reads:

"HIGHWAY REPAIR PRIORITY,
GAS TAX INCREASE

"Requires all highway user revenues available for highway construction and maintenance to be used first for maintenance, reconstruction, rehabilitation and modernization under Six Year Highway Improvement Plan before any new highway construction, except I-205 completion. Increases state motor vehicle fuel tax from 7¢ to 9¢ per gallon. Alternative diesel log truck fees increased, diesel dump truck fees reduced. Weight mile, flat fee taxes increased."

■ If voters approve the measure, HB 2140, parts of other legislation, HB 3262, will go into effect. The principal controversy is whether the ballot title for the referred measure should summarize this other legislation which will become effective if the referred measure passes. The petitioner proposes to do this by adding to the proposed title, "Limits amount of such revenues useable for parks, footpaths, bicycle trails and state police."

The Attorney General's principal argument is that in some instances it is almost impossible, within the five-day time limitation placed upon him by statute, to find all legislation that might become effective if a referred measure is approved by the voters. This may be correct; however, in this instance he knew of the other legislation.

The purpose of a ballot title is to inform the voters. If the passage of the referred measure will make

[ 483 ]

effective other legislation of substance, the voters should have that information. In those circumstances the proposed title is "insufficient" without reference to the other legislation which would become effective upon passage of the referred measure. The substance of the sentence proposed by the petition will be added.

Because of the addition of the language proposed by the petitioner and the 75-word statutory limitation, changes in some other portions of the Attorney General's proposed title are necessary. Accordingly, we are modifying statements referring to changes in the revenues from commercial vehicle users.

■ The Attorney General's proposal states that the motor vehicle fuel tax is increased "from 7¢ to 9¢ per gallon." Petitioner urges us to change this to read that it is increased "2¢ per gallon." We conclude the Attorney General's proposal is not "insufficient or unfair" in this regard and do not certify a change.

We certify to the Secretary of State this ballot title:

"HIGHWAY REPAIR PRIORITY,
GAS TAX INCREASE

"Requires highway user revenues available for highway construction and maintenance to be used first for maintenance, reconstruction, rehabilitation and modernization under Six Year Highway Improvement Plan before any new highway construction, except I-205 completion. Limits amount of revenues useable for parks, footpaths, bicycle trails, state police. Increases state motor vehicle fuel tax from 7¢ to 9¢ per gallon. Diesel log truck alternative fees increased. Increases weight mile and flat fee taxes for some commercial vehicles."