PACIFIC POWER & LIGHT COMPANY et al,
*Petitioners,*
*v.*
PAULUS, *Respondent,*
and
PUBLIC POWER COALITION et al, *Intervenors.*
(SC 25681)

576 P2d 1252

Robert F. Harrington, Portland, argued the cause for petitioner. With him on the brief was Rives, Bonyhadi & Smith, Portland.

Paul R. Romain, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

Don S. Willner, Portland, argued the cause for Intervenors. With him on the brief was Willner, Bennett, Riggs & Bobbitt, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, Bryson, Lent, and Linde, Justices.

LENT, J.

**LENT, J.**

Intervenors filed a petition for an initiative measure with respondent Paulus, the Secretary of State. Petitioners request changes in the ballot title prepared by the Attorney General. ORS 254.060 and 254.070. The measure concerns the formation of people's utility districts for the purpose of supplying public utility service.

The caption and title prepared by the Attorney General is as follows:

"SIMPLIFIES FORMATION PROCEDURES FOR
PEOPLE'S UTILITY DISTRICTS

"Allows single election authorizing People's Utility District formation, including authority for revenue bond issuance for initial facilities, subject to qualified engineer's certificate that district revenues will be sufficient to repay bonds. Simplifies formation, annexation, consolidation procedures, substituting county governing body for State Energy Director. Authorizes all forms of PUD electrical energy generation. Allows exclusion of electric cooperatives, municipalities. Preserves existing benefits for employes of acquired private utilities. General obligation bond issuance requires voter approval."

Petitioners alleged that the ballot title prepared by the Attorney General is insufficient and unfair and proposed as a more concise and impartial statement the following caption and ballot title:

"CHANGES FORMATION AND OTHER
PROCEDURES APPLICABLE TO
PEOPLE'S UTILITY DISTRICTS

"Supervision over People's Utility District formation transferred from State Energy Director to County Governing Board. Advisability report on formation eliminated. Formation initiated by County Board resolution or voters' petition. Public hearing eliminated when District includes entire county. Allows division of municipality. Eliminates separate election authorizing revenue bonds to finance initial water or electric facilities and specification of amount in election notice. General obligation bonds issued with voter approval. Retains right to tax and condemn property."

[ 43 ]

The intervenors, who are the proponents of the initiative measure, support the caption and ballot title prepared by the Attorney General.

■ In *Manny v. Paulus,* 281 Or 215, 573 P2d 1248 (1978), and *Blumenauer v. Paulus,* 281 Or 481, 575 P2d 648 (1978), we affirmed our role as being limited to determining whether the Attorney General's title is "a concise and impartial statement of the purpose of the measure." We are not concerned with whether petitioners' proposed title and caption may be better or whether we could devise better ones ourselves.

■ Upon oral argument the Attorney General, appearing for respondent Paulus, conceded that certain changes were warranted for the attainment of the goal of impartiality. Pursuant to that concession, we believe that the word "Shortens" should be substituted for the word "Simplifies" where that word appears in the caption and in the title.

■ The Attorney General also conceded that the provision concerning employe benefits should be modified in the interest of impartiality. The sentence proposed was:

"Preserves existing benefits for employes of acquired private utilities."

It was conceded that not all existing benefits were preserved. The Attorney General suggested inserting the word "most" after "Preserves." Upon examination of the proposed measure,[1] we are convinced that it is arguable whether "most" existing benefits is an impartial connotation and, further, whether they are "preserved." We find that to attain impartiality the sentence must be revised to read:

"Protects some existing benefits for employes of acquired private utilities."

■ The petitioners argue, among other things, that the measure does more than simply to authorize people's

---

[1]The proposed measure consists of 30 sections filling over 30 typewritten pages.

utility districts to generate electrical energy. In this respect the Attorney General's proposal is as follows:

"Authorizes all forms of PUD electrical energy generation."

Our attention was directed to Section 1 of the measure, which authorizes a people's utility district

"to supply public utility service, including water and electricity for all uses,"

and Section 19(10), authorizing a people's utility district to collect

"rates and charges for any water, water power, electric energy or other commodity or service furnished, developed or sold by the district."

We find that in this respect, although the attorney general's proposal is concise, it is so limited as to vitiate its complete impartiality. Because of the 75-word limit upon ballot titles imposed by ORS 254.070(2), it is impossible fully to set forth the language quoted from Section 19(10). We believe it is encompassed in the more general language quoted from Section 1.

Bound by the 75-word limit, we believe we can do no more to make this statement impartial than to revise it to read as follows:

"Authorizes PUDs to supply public utility service."

We do not discuss other contentions of the intervenors and petitioners, not because of any complete lack of merit, but only because of the framework within which we review the proposed caption and title, we have not found it necessary to make further revisions.

We, therefore, certify to the Secretary of State this ballot title:

"SHORTENS FORMATION PROCEDURES FOR PEOPLE'S UTILITY DISTRICTS

"Allows single election authorizing People's Utility District formation, including authority for revenue bond

[ 45 ]

issuance for initial facilities, subject to qualified engineer's certificate that district revenues will be sufficient to repay bonds. Shortens formation, annexation, consolidation procedures, substituting county governing body for State Energy Director. Authorizes PUDs to supply public utility service. Allows exclusion of electric cooperatives, municipalities. Protects some existing benefits for employes of acquired private utilities. General obligation bond issuance requires voter approval."