Submitted on petition to review ballot title March 26,
amended ballot title filed by Attorney General certified May 8, 1979

NEWKIRK, *Petitioner,*
*v.*
PAULUS, *Respondent.*
(SC 26118)

594 P2d 395

John D. Newkirk, Medford, for the petition.

John A. Reuling, Jr., Senior Assistant Attorney General, James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem, contra.

PER CURIAM.

**PER CURIAM.**

Petitioner challenges the ballot title and caption prepared by the Attorney General for a proposed initiative measure. The measure is designed to provide for ownership by the State of Oregon of federally owned lands within this state except Indian treaty lands and national parks, monuments and historical sites. The proposed initiative also contains various provisions relating to the state's future management and disposition of the appropriated lands.

The Attorney General has requested certification of the following ballot title and caption:

"APPROPRIATES FEDERAL PUBLIC LANDS, UNAPPROPRIATED WATERS AND MINERALS TO STATE

"Makes federal public lands (except Indian Treaty lands, national parks, monuments, historic sites) and unappropriated waters, minerals in Oregon property of state or its local governments. Creates commission to manage, sell, lease public lands. Forbids disposal of most public lands for two years, while legislature makes rules for land sale or lease. Makes unlawful attempt to exercise jurisdiction over Oregon public lands a felony. Repeals conflicting laws. Appropriates $250,000 from State Treasury for administration expenses."

The duty of the Attorney General is to prepare "a concise and impartial statement of the purpose of the measure." ORS 254.070(4). A petition challenging the Attorney General's proposed ballot title is required to explain "why the title filed with the court is insufficient or unfair." ORS 254.077(1). The petition filed in this case alleges generally that the proposed ballot title does not explain the true value and protection to the people which the initiative would provide if enacted. Statements about the effects of proposed measures have no place in ballot titles. *ACLU v. Paulus,* 282 Or 539, 580 P2d 168 (1978).

We have carefully reviewed the proposed ballot title and initiative measure. The initiative contains a

number of disparate provisions. The Attorney General has chosen those which he believes are most important for highlighting in the ballot title. We conclude that the result is a fair and impartial statement of the initiative's major provisions. *Corn v. Myers,* 274 Or 25, 544 P2d 575 (1978). We therefore certify the amended ballot title as filed by Attorney General to the Secretary of State.