Submitted on the record June 4,
Ballot title prepared by Attorney General certified July 24, 1979

PRIESTLEY,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 26261)

597 P2d 829

Petitioner appeared pro se.

Respondent appeared and filed a memorandum by James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Donald C. Arnold, Assistant Attorney General, Salem.

PER CURIAM.

**PER CURIAM.**

Oregon Taxpayers Union filed with the respondent, Secretary of State, a petition for a measure to be referred to the people of the state by the initiative. ORS 254.060. In due course the Attorney General provided a ballot title[1] prepared by him.

Petitioner, alleging his dissatisfaction with that title, timely petitioned this court to review the title prepared by the Attorney General and prayed for a different title. ORS 254.077.

We are faced at the outset by a problem not usually encountered in this kind of proceeding. Petitioner has set forth in his petition what he asserts to be the title prepared by the Attorney General, but the respondent denies the accuracy of that assertion and, in an answering memorandum to the petition, sets forth what respondent contends is the title prepared by the Attorney General. Petitioner has filed nothing to contradict the accuracy of respondent's contention. Oral argument was neither requested nor had; therefore, we have nothing of record as to petitioner's position vis-à-vis that contention of respondent.

Petitioner alleges that the prepared title is as follows:

"CONSTITUTIONAL REAL PROPERTY
TAX LIMIT PRESERVING 85%
DISTRICTS' 1977 REVENUE

"This measure proposes a new constitutional article providing a constitution [*sic*] limit on the property tax rate, an amount necessary to provide 85% (100% for emergency services) of each 19771978 [*sic*] districts' revenues. Taxable values and district revenues may increase 2% only each year. Taxes for existing bonded indebtedness is [*sic*] not affected. Preserves present funding level for HARRP. Requires equivalent renter relief. Prohibits certain

---

[1] ORS 254.070 provides that a ballot title "shall consist of a caption not exceeding 10 words in length * * * followed by an abbreviated statement not exceeding 75 words in length of the chief purpose of the measure."

[143]

other taxes; tax increases will require 2/3 legislative or popular vote. Levies outside the 6% limitation require 2/3 popular vote. Voids measures receiving fewer votes also approved. Reduces nonessential services by 33 1/3% before the budget for 'essential' services can be reduced."

On the other hand, the respondent contends the prepared title is:

"CONSTITUTIONAL REAL PROPERTY
TAX LIMIT PRESERVING 85%
DISTRICTS' 1977 REVENUE

'Constitutional amendment limits annual real property tax to 1% 1977 true cash value, plus amount necessary to provide 85% (100% for emergency services) 1977-78 districts' revenues. Taxable values, district revenues may increase 2% annually. Tax for existing bonded indebtedness not affected. Preserves HARRP. Requires equivalent renter relief. State ad valorem, all sales, transaction taxes on real property prohibited; tax increases require 2/3 legislative or popular vote. Levies outside 6% limitation require 2/3 popular vote."

 The parties agree on little other than the wording of the caption. *See* footnote 1, *supra.* The differences in the two versions are not so inconsequential as to permit an inference of mere clerical error; rather one party or the other is obviously misinformed as to the content of the prepared title. We resolve the conflict upon the basis of the failure of the petitioner to challenge the respondent's contention of error in the petition and upon our taking judicial notice, on our own motion, of an official act of the Attorney General.[2] By so doing we find that the respondent's version of the prepared title is accurate.

---

[2] Judicial notice may be taken of the official acts of the executive department of this state. ORS 41.410(3). The Attorney General is a member of the executive department. ORS ch. 180. The weight of authority permits the court to take judicial notice upon its own motion of adjudicative facts. McCormick on Evidence, 2d Ed, p 771. In *Allen v. Multnomah County,* 179 Or 548, 564, 173 P2d 475 (1946) we took judicial notice of "an official opinion" of the Attorney General under the forerunner of ORS 41.410(3).

We cannot be sure that petitioner would have challenged the prepared title had he known of the true version, but it appears to us that he would at least have been dissatisfied with the caption and certain omissions of which he complains in the abbreviated statement. We shall, therefore, address those contentions.

■ Before moving to that task we note the ground rules. Our role is limited to determining whether the Attorney General's title is a concise and impartial statement of the purpose of the measure, and we are not concerned with whether the petitioner's proposed title may be better or even whether we could devise a better one ourselves. *Pacific Power & Light v. Paulus,* 282 Or 41, 44, 576 P2d 1252, 1254 (1978). We further note the constraints of the 75-word limitation (footnote 1, *supra)* which require in complex measures such as this that the Attorney General weigh the relative importance of the features of the measure in determining what is to be mentioned in the title. *Pacific Power & Light v. Paulus, supra,* and *Corn v. Myers,* 274 Or 25, 544 P2d 575 (1976).

■ Petitioner proposes the following ballot title:
"CONSTITUTIONAL 1% PROPERTY TAX EMERGENCY SERVICES PRIVELEDGED [*sic*] TO SCHOOLS, SERVICES

"Constitutional amendment limits annual real property tax to 1% 1977 true cash value, plus amount to provide 85%(100% for emergency services) 1977-78 districts' revenues with 2% annual increase. Existing bonded indebtedness tax not affected. Preserves HARRP. Equivalent renter relief. State ad valorem, all sales, transaction taxes on real property prohibited; tax increases require 2/3 legislative or popular vote. 2/3 popular vote required outside 6% limitation. Voids conflicting measures also approved. Prejudices 'nonessential' services 33 1/3%."

We find that the proposed caption is ambiguous and capable of an erroneous interpretation that either emergency services to schools alone are privileged or

that schools actually constitute privileged emergency services. Moreover, the language is unfair in that it calls attention to schools, which constitute but one of several of the non-emergency services to which the measure applies.

We further find that the proposed caption is inferior to that prepared by the Attorney General in that the proposed caption does not disclose the preservation of the 85% revenue floor.

Petitioner's abbreviated statement is in some respects quite ambiguous and accordingly misleading. At least one statement appears to have no meaning which we can find in the proposed initiative measure.

■ Petitioner complains of the omission of two subjects from the prepared title. He is correct that they are not mentioned, but the statutorily imposed 75-word limit requires the exercise of judgment in choosing which subjects must go unmentioned where the proposed measure covers too many subjects to permit mention of all. We cannot say that the prepared title, by reason of these omissions, is biased or partial or that it is mis-. leading. If these two subjects were mentioned, we find that neither we nor the Attorney General could cover all other important features of the measure. Under the ground rules, even if we thought other features were more deserving of mention, we should not modify the prepared title in the absence of finding it to be unfair or misleading.

In accordance with ORS 254.077(3), we accordingly certify to the respondent, Secretary of State, the ballot title prepared by the Attorney General, which reads as follows:

"CONSTITUTIONAL REAL PROPERTY
TAX LIMIT PRESERVING 85%
DISTRICTS' 1977 REVENUE

"Constitutional amendment limits annual real property tax to 1% 1977 true cash value, plus amount necessary to provide 85% (100% for emergency services) 1977-78 districts' revenues. Taxable values,

district revenues may increase 2% annually. Tax for existing bonded indebtedness not affected. Preserves HARRP. Requires equivalent renter relief. State ad valorem, all sales, transaction taxes on real property prohibited; tax increases require 2/3 legislative or popular vote. Levies outside 6% limitation require 2/3 popular vote."