Argued and submitted December 3,
caption and ballot title certified December 26, 1979

KENNEY,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 26565)

604 P2d 405

Robert D. Durham, Eugene, argued the cause for petitioner. With him on the brief was Kulongoski, Heid, Durham & Drummonds, Eugene.

John A. Reuling, Jr., Sr. Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

PER CURIAM.

**PER CURIAM.**

This is an original proceeding under ORS 254.077(1) on a petition for judicial review of a ballot title for a proposed initiative amendment to the Oregon Constitution. The measure would limit property tax rates and increases in property tax values.

The caption and title prepared by the Attorney General is as follows:

"FREEZES MOST PROPERTY TAX RATES; LIMITS PROPERTY VALUATION INCREASES

"Question: Shall most property tax rates be frozen, property value increases in each county be limited to 5% average increase annually?

"Explanation: Measure proposes forbidding property tax rate increases over 1979-1980 rate, unless tax levy is within district's existing or newly adopted constitutional tax base, with certain exceptions. Also limits annual assessed value increases in each county to average of 5% on existing homesteads, 5% on other existing taxable property, separately computed. If 30% homestead tax rebate remains in law, measure proposes extending it to taxes levied to pay bonds and capital construction serial levies."

The petitioner contends that this ballot title is insufficient and unfair in that the proposed measure would not "freeze" tax rates and does not create limits on property valuation increases and because the ballot title fails to explain that the measure would make bonded indebtedness eligible for a 30% state refund only if voters approve HB 3010, a somewhat similar tax limitation measure prepared by the Oregon Legislature and submitted by it to the voters for approval.

In our consideration of objections by petitioners to ballot titles proposed by the Attorney General it is our duty to determine whether a ballot title is a "concise and impartial statement of the purpose of the measure" (ORS 254.070(4)) and is neither "insufficient" nor "unfair" (ORS 254.077(1)), and not to determine whether petitioner's proposed title is "better" or

[247]

whether this court could devise a better ballot title. *Drummonds v. Myers*, 273 Or 216, 219, 540 P2d 368 (1975).

We agree with the petitioner that the word "freeze" as used in the proposed ballot title does not provide either a "concise" or "impartial" description of the purpose or effect of the proposed measure. Due to the complexity of the measure and the 75 word limitation imposed upon ballot titles by ORS 254.070, it is difficult to find other words which would provide such a "concise" and "impartial" description. We believe, however, that the word "limits" is more "impartial," if not more "concise." It is our conclusion that with this change the proposed ballot title submitted by the Attorney General on behalf of the Secretary of State meets the statutory standard.

Accordingly, we certify to the Secretary of State the following caption and ballot title:

LIMITS MOST PROPERTY TAX RATES;
LIMITS PROPERTY VALUATION INCREASES

Question: Shall most property tax rates be limited and property value increases in each county limited to 5% average increase annually?

Explanation: Measure proposes forbidding property tax rate increases over 1979-1980 rate, unless tax levy is within district's existing or newly adopted constitutional tax base, with certain exceptions. Also limits annual assessed value increases in each county to average of 5% on existing homesteads, 5% on other existing taxable property, separately computed. If 30% homestead tax rebate remains in law, measure proposes extending it to taxes levied to pay bonds and capital construction serial levies.