Submitted on record October 14, petition granted, ballot title certified as modified November 24, petition for rehearing granted, ballot title certified as amended December 14, 1981 (292 Or 250, 637 P2d 926)

ZAJONC,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28152)

636 P2d 417

Donna B. Zajonc, Salem, pro se for the petition.

John A. Reuling, Jr., Chief Counsel, and Max Rae, Law Clerk, Salem, contra. With them on the memorandum were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

PER CURIAM

**PER CURIAM**

This is an original proceeding to review a ballot title under ORS 250.085.[1] The legislative assembly referred HJR 1 (1981) to the voters, and filed it with the Secretary of State, who sent it to the Attorney General for preparation of a ballot title as required by ORS 250.075. The resolution, if passed, would amend Section 1 of Article XI-I(2) of the Oregon Constitution, as follows (bracketed material to be deleted, emphasized material to be added):

"In the manner provided by law and notwithstanding the limitations contained in section 7, Article XI of this Constitution, the credit of the State of Oregon may be loaned and indebtedness incurred in an amount not to exceed, at any one time, one-half of one percent of the true cash value of all taxable property in the state to provide funds to be advanced, by contract, grant, loan or otherwise, for the purpose of providing additional financing for multifamily housing for [elderly households of low income] *the elderly and for disabled persons.* Multifamily housing means a structure or facility designed to contain more than one living unit. [, which units may be rented, leased, owned or purchased by elderly households of low income. The structure or facility may provide spaces for common use by the occupants.] *Additional financing may be provided to the elderly to purchase ownership interest in the structure or facility.*

ORS 250.075 requires that the Attorney General prepare a ballot title in conformity with ORS 250.035, which provides:

"(1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased

---

[1] ORS 250.085 provides:

"(1) Any person dissatisfied with a ballot title for an initiated or referred measure filed with the Secretary of State by the Attorney General or Legislative Assembly, may petition the Supreme Court seeking a different title and stating the reasons the title filed with the court is insufficient or unfair.

"* * * * *

"(3) The court shall review the title and measure to be initiated or referred, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035."

so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)  A concise and impartial statement of not more than 75 words of the chief purpose of the measure."

"* * * * *."

There is no disagreement concerning either the caption or the question certified by the Attorney General as follows:

### "MULTIFAMILY HOUSING FOR ELDERLY AND DISABLED PERSONS

"QUESTION: Shall loans be made under elderly housing bond program for housing for disabled persons? Shall low income restriction be repealed?"

There is disagreement, however, as to the "concise and impartial statement," certified by the Attorney General, which reads as follows:

"EXPLANATION: Amends state constitution. State may now sell bonds to make loans to finance multifamily housing for low income elderly persons. State may make loans to landlords or directly to low income elderly persons. Measure repeals the low income restriction. It also permits loans to providers of housing for disabled persons; but it would not permit loans directly to disabled persons. Measure simplifies definition of the term 'multifamily housing'; but it does not change its scope."

The petitioner asserts, and the Attorney General admits, that the third sentence of the explanation ("State may make loans to landlords or directly to low income elderly persons."), which describes existing law, is incorrect. Since the authority to make direct loans under the existing constitutional provision may be questionable (a conclusion which is supported by letters from the office of the Attorney General which are appended to the petition), *see* footnote 2, a statement to this effect should not be included in the ballot title.

The petitioner next asserts that the Attorney General's explanation is incomplete in that it fails to mention that under existing law the state may *not* finance the purchase of individual units in multifamily housing projects by eligible persons. The Attorney General points to an ambiguity in the existing constitutional provision in support of his contention that direct loans *might* be authorized

by the constitution. Therefore, the matter is not entirely free from doubt.[2] We do not address the merits of the Attorney General's contention that the statute might permit financing of single units, however, because it is unnecessary to our decision. Since the explanation for the ballot title need not include a statement as to how the constitution is *presently* applied, and since there may be uncertainty as to the effect of the present constitutional provisions, the statement was properly omitted from the ballot title. The Attorney General admits, however, and we agree, that the certified ballot title should contain a statement that, if the measure is adopted, the state would be authorized to finance purchases, by the elderly, of single units in multifamily housing.

Although petitioner challenges the statement in the ballot title that the "simplification" of the definition of "multifamily housing" does not change the scope of the term, the parties are agreed that a change in the definition of "multifamily housing" was not a chief purpose of the resolution. We agree that the statement need not include an explanation regarding the change in definition.

The parties also agree to inclusion of a statement that the ballot measure would not increase the state's bonding authority. Although such a statement may not be statutorily required, we concur in the addition of such a statement because of public concern in the fiscal aspects of proposed legislation.

The petitioner submitted the following proposed statement for the ballot title:

---

[2] Respondent asserts that the existing constitutional provision might be construed as authorizing direct state financing to elderly persons for purchase of single units in a multifamily complex. She bases her assertion on the present definition of 'multifamily housing' which provides as follows:

"* * * Multifamily housing means a structure or facility designed to contain more than one living unit, which units may be rented, leased, *owned or purchased by elderly households* of low income. * * *" (Emphasis added.) Or Const, Art XI-I(2), § 1.

Respondent reasons that since it would make little sense to provide for purchase of an entire multifamily facility by a single low income elderly household, the provision could be construed as authorizing state financing for elderly persons' purchase of single units in a multifamily facility.

## PETITIONER'S PROPOSED STATEMENT

"EXPLANATION: Amends state Constitution. State currently sells bonds to finance multifamily housing projects for low-income elderly persons. However, state may not finance individual units or mobile homes in such projects. Measure permits elderly persons to receive state financing to make such purchases and deletes term 'low income.' It also permits loans to finance only multifamily rental housing for disabled persons. Measure simplifies definition of 'multifamily housing'. Does not increase bonding authority."

The Attorney General asserts that the petitioner's proposed draft is inaccurate in the respects discussed above, that it is inartfully drafted, and proposes the following alternative ballot title statement:

## ATTORNEY GENERAL'S ALTERNATE PROPOSED STATEMENT

"EXPLANATION: Amend [sic] state constitution. The state may now sell bonds to make loans to finance multifamily housing for low income elderly persons. This measure allows loans for multifamily housing also for disabled persons. The measure deletes the term 'low income.' It also permits direct state loans to elderly persons to buy ownership interest in single units in multifamily housing. It does not increase the bonding authority of the state."

■ In the second sentence of the alternate proposed statement, we substitute the phrase "At the present time the state may" for the phrase "The state may now." The Attorney General's proposed phrase, which contains the word "now," follows the sentence "Amends state constitution," and could be construed to refer to the law after amendment. We adopt the fourth sentence of the Attorney General's original explanation ["Measure repeals the low income restriction."] to follow, however, the second sentence of the alternate proposed statement, so that it is clear that the repeal of the low income restriction refers to the immediately preceding words—"low income elderly persons." We make these changes because the wording of the Attorney General's alternate proposed statement, in these respects, is potentially misleading and therefore unfair. We are not concerned with whether the petitioner's proposed ballot title is, in other respects, better than the Attorney General's, or even whether we could devise a better one

ourselves. Our role is limited to determining whether the title filed by the Attorney General is, in any respect, "insufficient or unfair" within the meaning of ORS 250.085(1). *Priestley v. Paulus,* 287 Or 141, 145, 597 P2d 829 (1979); *Pacific Power & Light v. Paulus,* 282 Or 41, 44, 576 P2d 1252, 1254 (1978).

The following ballot title is a concise, impartial, accurate and sufficient statement of the purpose of this measure. We certify to the Secretary of State a title for the measure as follows:

"MULTIFAMILY HOUSING FOR ELDERLY
AND DISABLED PERSONS

"QUESTION: Shall loans be made under elderly housing bond program for housing for disabled persons? Shall low income restriction be repealed?

"EXPLANATION: Amends state constitution. At the present time, the state may sell bonds to make loans to finance multifamily housing for low income elderly persons. The measure repeals the low income restriction. This measure also allows loans for multifamily housing for disabled persons. It also permits direct state loans to elderly persons to buy ownership interest in single units in multifamily housing. It does not increase the bonding authority of the state."

Petition granted. Ballot title certified as modified.