Submitted on petition and memorandum December 7, ballot title certified December 22, 1981

PRIESTLEY,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28151)

637 P2d 923

Wally Priestley, Petitioner Pro Se.

Dave Frohnmayer, Attorney General, Salem, and William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, and Max Rae, Certified Law Clerk, Salem, on the memorandum for respondent.

PER CURIAM

## PER CURIAM.

This is an original proceeding to review a ballot title. The 1981 Legislative Assembly of the State of Oregon by House Joint Resolution 9 referred to the people at the next general election the following proposed amendments to the Constitution of the State of Oregon:

### Article IV, Section 1:

"(3)(a) The people reserve to themselves the referendum power, which is to approve or reject at an election any Act, or part thereof, of the Legislative Assembly that does not become effective earlier than 90 days after the end of the session at which the act is passed. For purposes of this referendum power a bill shall be considered an "Act" when passed by a majority of each House and signed by the presiding officers of the respective Houses as provided in section 25, Article IV of this Constitution."[1] (Underscored material to be inserted).

### Article V, Section 15b.

"Sec. 15b. Every bill which shall have passed the legislative assembly shall, before it becomes a law, be presented to the governor. If approved, the governor shall sign the bill. If the bill is not approved, the governor shall return it with written [; if he approve, he shall sign it; but if not, he shall return it with his] objections to that house in which it shall have originated, which house shall enter the objections at large upon the journal and proceed to reconsider it. If after such reconsideration two-thirds of the members present shall agree to pass the bill, it shall be sent, together with the objections, to the other house, by which it shall likewise be reconsidered, and if approved by two-thirds of the members present it shall become a law. But in all such cases the votes of both houses shall be determined by yeas and nays, and the names of the members voting for or against the bill shall be entered on the journal of each house respectively; if any bill shall not be returned by the governor within five days (Sundays excepted) after it shall have been presented to [him] the governor, it shall be a law without [his] signature of the governor, unless the general adjournment shall prevent its return, in which case it shall

---

[1] Art IV, sec 25 of the Oregon Constitution provides:

"A majority of all the members elected to each House shall be necessary to pass every bill, or Joint resolution; and all bills, and Joint resolutions so passed, shall be signed by the presiding officers of the respective houses."

be a law, unless the governor within [twenty] 30 days next after the adjournment (Sundays excepted) shall file such bill, with [his] <u>written</u> objections thereto, in the office of the secretary of state, who shall lay the same before the legislative assembly at its next session in like manner as if it had been returned by the governor." (Underscored material to be inserted; bracketed material to be deleted).

Pursuant to ORS 250.065 the Attorney General certified to the respondent the following ballot title:

### LENGTHENS GOVERNOR'S TIME FOR POSTSESSION VETO OR APPROVAL OF BILLS

QUESTION: Shall the Governor be allowed more time to approve or veto bills passed late in a legislative session?

EXPLANATION: Amends state constitution. The measure would extend from 20 to 30 days the time after the legislature adjourns in which the Governor may hold bills passed late in a legislative session. It would permit the petition process to refer a bill to the voters to start before the Governor approves the bill. It would also direct that all vetoed bills be returned by the Governor with his or her written objections.

The petitioner under ORS 250.085 filed his petition in this court claiming that the above ballot title is insufficient and unfair. The petitioner's position is:

"The legislative purpose of passage of HJR 9 was to extend for the Governor the present 20 day signature period to 30 days following adjournment of the legislature while not diminishing the referendum rights of the people established in the State Constitution.

"The language of HJR 9 as passed fails this purpose and diminishes the referendum rights of the people by more than 10 days.

The petitioner submits the following proposed ballot title.

### "BALLOT TITLE HJR 9

"QUESTION: Shall the peoples' referendum rights be reduced and the Governor be allowed more time to approve or veto bills. [sic]

"EXPLANATION: Amends state constitution. The measure would reduce by 12 days the peoples' referendum period (from 67 or 68 to 55 or 56 days) now allowed for the collection of petition signatures to allow a vote of the people upon measures passed by the legislature. Also it

would extend from 20 to 30 days the time after the legislature adjourns in which the Governor may hold bills passed late in the legislative session."

It is not a function of this court to determine if HJR 9 as passed fails to meet the legislative purpose. It is our obligation under ORS 250.085(3) to "review the title and measure to be * * * referred * * * and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035."

ORS 250.035 states:

"Form of ballot title. (1) The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words by which the measure is commonly referred to;

"(b) A question of not more than 20 words which plainly states the purpose of the measure, and is phrased so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 75 words of the chief purpose of the measure.

"(2) The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

The respondent, through the Attorney General, in her answering memorandum states that the primary purpose of HJR 9 is to extend from 20 days to 30 days the time during which the Governor may hold bills presented for his signature after the legislature adjourns. The secondary purposes of the joint resolution are: (1) to allow the voter referendum procedure to commence before the Governor has signed a measure by requiring only that the measure be passed by each House and signed by the presiding officers of the respective Houses, and (2) to require a bill vetoed by the Governor to be returned with written objections.

Oregon Constitution Article IV, sec. 1(3)(b) provides that a referendum petition shall be filed not more than 90 days after the end of the legislative session in which the Act referred to has been passed. This 90 day period is not changed by the constitutional amendments proposed by HJR 9.

In her answering memorandum the Secretary of State says that it has been her policy not to allow the referendum process to begin until the Act has been signed by the Governor or has been held by the Governor long enough to become law without his signature. The amendments proposed by HJR 9 would require the Secretary of State to change her policy and would allow the referendum process to start when an Act is "passed by a majority of each House" and is "signed by the presiding officers of the respective Houses."

Because the amendments proposed by HJR 9 would eliminate one step by not requiring the Governor's approval of the bill referred, it would appear that at least in some cases the time for referendum would be increased. On the other hand, if the bill in question is not signed by the presiding officers of the respective Houses until more than 20 days from the end of the legislative session then the time for referendum would be decreased.[2]

The respondent concedes that the ballot title originally submitted to her by the Attorney General is not sufficient because it does not mention that the referendum period may be reduced.

---

[2] Although HJR 9 would increase the time of the Governor's consideration of a bill passed by the legislature from 20 to 30 days and would allow the referendum process to start when the bill is signed by the presiding officers of both houses, it does not increase the 90 day period in which the referendum petition must be filed and does not set a deadline within which the presiding officers must sign the bill. Therefore any bill signed by the presiding officers after the 20 day period necessarily reduces the time in which to obtain referendum signatures.

The respondent's answering memorandum in this court says that the delay in presenting bills to the Governor after the adjournment of the legislature is caused by the enrolling process. This requires considerable care to make sure that the enrolled bills are in the exact form in which they passed both houses. The answering memorandum also says that in both the 1979 and 1981 legislatures the average time between the passage of these bills and the signature of the first presiding officer was 17 and a fraction days.

No one has called to our attention any statute or legislative rule requiring the presiding officers of the legislative houses to sign the bills within any particular period of time.

"Accordingly, it is our opinion that in the absence of a specific legislative rule to the contrary, the presiding officers of the respective houses of the legislature shall sign bills passed by the legislature within due time for official action by the Governor. However, where a general adjournment takes place the bills must be signed forthwith for presentment to the Governor." 30 Op Atty Gen 188 (1961).

The respondent states that the petitioner's proposed alternative ballot title is "misleading and unfair" in that it states as a certainty and with disproportionate emphasis that HJR 9 will reduce the referendum time. Further, she states that petitioner's proposed title is insufficient in that it fails to adequately emphasize other purposes of the measure. We agree.

The respondent, through the Attorney General, by way of a motion to amend answering memorandum has submitted to us the following suggested ballot title:

"LENGTHENS GOVERNOR'S TIME
FOR POSTSESSION
VETO OR APPROVAL OF BILLS

"QUESTION: Shall Governor be allowed more time to approve or veto bills presented after fifth day before end of legislative session?

"EXPLANATION: Amends state constitution. Extends from 20 to 30 days the time after adjournment that Governor may hold bills presented for signing after fifth day before legislative session ends. Permits voter referendum petition process to start before Governor approves bill. May thus extend time to collect referendum signatures, but will shorten time to collect signatures for bills presented to Governor more than 20 days after adjournment. Vetoed bills must be returned by Governor with written objections."

We find that this last ballot title submitted with the respondent's motion to amend answering memorandum complies with ORS 250.035 and we certify it to the Secretary of State.

"Our role is limited to determining whether the Attorney General's title is a concise and impartial statement of the purpose of the measure, and we are not concerned with whether * * * we could devise a better one ourselves." *Priestley v. Paulus,* 287 Or 141, 145, 597 P2d 829 (1979). See *Pacific Power & Light v. Paulus,* 282 Or 41, 44, 576 P2d 1252 (1978).

Ballot title certified.