Submitted on petition and memorandum March 5,
ballot title certified March 23, 1982

PHIPPS,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28466)

642 P2d 293

J. Harlan Boldt, Woodburn, filed petition to review ballot title for petitioner.

Dave Frohnmayer, Attorney General, Salem, filed answering memorandum for respondent. With him on the memorandum were Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, Opinion Section, and Max Rae, law clerk, Salem.

PER CURIAM.

## PER CURIAM.

Petitioner challenges a ballot prepared for respondent Secretary of State by the Attorney General in order to describe a proposed initiative measure to amend the state's land use laws.[1]

Because the proposed initiative measure is brief, we set it out in full:

"SECTION I: ORS Chapter 197 is repealed.

"SECT. II: The following provisions shall be added to ORS Chapter 215 and 227:

"A. The governing body of each county and city shall establish and maintain a master land use plan. All statewide goals established under the authority of the former provisions of ORS Chapter 197 may be utilized, interpreted and administered at the sole discretion of the local governing body.

"B. An appeal from the final decision of any county or city concerning a land use decision shall be to the circuit court of the State of Oregon for the county in which the affected land is situated. Any appeal pending upon the effective date of this measure shall be transferred to the appropriate circuit court.

"SECT. III: The Legislature shall establish a statewide committee to advise the Legislature about changes, deletions or additions to statewide goals. Such changes shall have the same force and effect as hereinabove provided.

"SECT. IV: The Speaker of the House of Representatives and the President of the Senate shall appoint an Interim Joint Committee to draft Legislation to accomplish the stated purpose of this Measure and to make existing Statutes consistent with the provisions of this Measure."

The ballot title prepared by the Attorney General reads:

"ENDS STATE'S LAND USE PLANNING
POWERS, RETAINS LOCAL PLANNING"

"QUESTION: Shall the state's land use authority end, goals be advisory only, and county and city land use planning continue?

---

[1] For recent descriptions of this court's role in reviewing ballot titles, *see* *Christie v. Paulus,* 292 Or 344, 638 P2d 478 (1981), *Zajonc v. Paulus,* 292 Or 19, 636 P2d 417 (1981).

"EXPLANATION: Measure removes the requirement that local plans conform to state-wide planning goals. It retains the requirement that each city and county establish and maintain a master land use plan. Abolishes Department of Land Conservation and Development, Land Conservation and Development Commission and Land Use Board of Appeals. Appeals of local land use decisions transferred to circuit courts. Directs formation of committees to advise on state wide goals, and to draft legislation consistent with measure."

Petitioner claims that this ballot title is "insufficient or unfair," ORS 250.085, and proposes the following substitute:

"RESTRICTS STATE'S LAND USE PLANNING POWERS, RETAINS LOCAL PLANNING

"QUESTION: Shall the state's land use authority be reduced goals be advisory only, and county and city land use planning continue? [sic]

"EXPLANATION: Measure removes requirement that local plans compulsorily conform to state-wide planning goals. Retains requirement that each city and county establish and maintain master land use plan. Abolishes Department of Land Conservation and Development, Land Conservation and Development Commission and Land Use Board of Appeals (sooner). Appeals of city and county land use decisions transferred to circuit courts. Directs formation of committees to advise on state wide goals, and draft legislation consistent with measure."

A comparison of the two drafts shows that petitioner proposes four changes that may convey something of significance to a reader, apart from minor changes in wording. We examine petitioner's criticisms of the Attorney General's draft that are said to require the proposed changes.[2]

The first and most significant difference is between the Attorney General's statement in the caption and question that the state's land use authority would "end" and the petitioner's assertion that it would be "restrict[ed]" or "reduced." The state's "land use authority" referred to is

---

[2] We do not discuss petitioner's criticism of language in the ballot title prepared by the Attorney General that petitioner nevertheless proposes to retain in her own alternative version.

presently exercised under ORS chapter 197 by the Land Conservation and Development Commission, the Department of Land Conservation and Development, and the Land Use Board of Appeals. The measure would repeal chapter 197 and abolish these agencies. Petitioner contends that this does not end the *state's* "powers," because these are retained by the legislature and section IV of the measure contemplates future legislation.

■   It is, of course, true that the measure would not end the authority of the legislature to enact future legislation. At present, however, that authority is exercised by the state agencies created under ORS chapter 197 which the measure would abolish, leaving only a general statutory directive to local governments to make master land use plans. In this sense, the measure would end authority over land use without substituting a new or "reduced" exercise of land use authority by the state. We do not find the caption insufficient or unfair in this respect.

Petitioner's second proposal is to add "compulsorily" in the first sentence of the explanation of the measure. The sentence states that the measure "removes the requirement that local plans conform to state-wide planning goals." Adding "compulsorily" before "conform" would be redundant. The obligation to conform is implicit in the word "requirement," and the measure proposes to make this conformity discretionary rather than obligatory.

■   The third proposal is to add "(sooner)" to the third sentence of the explanation. Petitioner argues that the Land Use Board of Appeals already is scheduled to terminate on July 1, 1983. Or Laws 1979, ch 772, §2(1) (as amended by Or Laws 1981, ch 748). However, the suggested insertion of "(sooner)" at the end of the third sentence could appear to apply equally to the other two agencies that the measure would abolish and it is not inconceivable that the legislature might extend the appeals board's existence. As the proposed ballot measure would abolish all three state agencies, the Attorney General's ballot title is not wrong in saying so.

---

[3] Petitioner's reference to "powers" misquotes the challenged caption. It speaks of the state's "land use authority," not "powers."

■ ■ Fourth, petitioner criticizes the Attorney General's proposed statement that "local" land use decisions would be appealed to circuit courts, because the measure refers to appeals from "county or city" rather than "local" land use decisions. Respondent admits that the Metropolitan Service District now makes land use decisions under a statute not repealed by the proposed measure, and that possibly review of some of these decisions would not be transferred to the circuit court but rather end up in the district court. She argues, however, that this possibility is too insignificant to make the explanation "insufficient or unfair." We agree with petitioner that the use of "county or city" land use decisions in the fourth sentence would have been more accurate than "local." We also agree with respondent that the difference is too trivial to mislead the reader. The law does not demand a perfect ballot title, it directs this court only to assure that the title is not "insufficient or unfair."

The ballot title prepared by the Attorney General is certified to the Secretary of State.