Submitted on petition and memorandum February 11,
petition granted, ballot title certified as modified March 24, 1982

# McKIBBEN,
*Petitioner,*

*v.*

# PAULUS,
*Respondent.*

## (SC 28488)

642 P2d 1155

James E. Craig, McMinnville, filed petition to review ballot title for petitioner.

Dave Frohnmayer, Attorney General, Salem, filed answering memorandum for respondent. With him on the memorandum were Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, John A. Reuling, Jr., Chief Counsel, Opinion Section, and Max Rae, law clerk, Salem.

PER CURIAM.

## PER CURIAM.

Petitioner challenges a ballot title prepared for respondent Secretary of State by the Attorney General. The challenged caption and text in full is:

"ENDS STATE'S INVOLVEMENT IN LAND USE PLANNING. RETAINS LOCAL PLANNING.

"QUESTION: Shall the state's land use authority end, goals be abolished, but land use planning by counties and cities continue?

"EXPLANATION: Measure ends state's land use authority. It abolishes statewide land use planning goals. It retains and requires city and county land use planning and zoning. Measure abolishes Department of Land Conservation and Development, Land Conservation and Development Commission and Land Use Board of Appeals. Repeals 1981 'lots of record' law. Appeals of local land use decisions transferred to circuit courts."

Petitioner's challenge relates in part to possible confusion between this initiative measure and a measure which was recently the subject of a similar challenge before this court. In *Phipps v. Paulus,* 292 Or 698, 642 P2d 293 (1982), we approved a ballot title as follows:

"ENDS STATE'S LAND USE PLANNING POWERS, RETAINS LOCAL PLANNING

"QUESTION: Shall the state's land use authority end, goals be advisory only, and county and city land use planning continue?

"EXPLANATION: Measure removes the requirement that local plans conform to state-wide planning goals. It retains the requirement that each city and county establish and maintain a master land use plan. Abolishes Department of Land Conservation and Development Commission and Land Use Board of Appeals. Appeals of local land use decisions transferred to circuit courts. Directs formation of committees to advise on state wide goals, and to draft legislation consistent with measure."

Petitioner alleges that the ballot title for the measure in this case is "insufficient or unfair," ORS 250.085,

"for the reason that it does not make sufficiently clear that the measure directs the complete termination of the use of the state's goals for planning purposes including use for advisory purposes."

The two measures should, according to petitioner, be made "clearly distinguishable" on this point.[1] Although petitioner does not specifically articulate his challenge as one based on confusion between the two measures, we note ORS 250.035(2), cited by the Attorney General, which provides:

> "The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

■ ■ As provided in ORS 250.085(1), petitioner proposes an alternative ballot title. The Attorney General points out, correctly, that petitioner's alternative could not be certified because the caption and question both exceed the length limitations imposed by ORS 250.035(1), which provides:

> "(1) the ballot title of any measure to be initiated or referred shall consist of:
>
> "(a) a caption of not more than 10 words by which the measure is commonly referred to;
>
> "(b) a question of not more than 20 words which plainly states the purposes of the measure * * *."[2]

---

[1] The Attorney General's answering memorandum notes that the principal difference between the two measures is that the measure certified in *Phipps* would continue in existence the present statewide land use goals, though making them advisory only, while the measure at issue in this case would abolish the goals altogether. The Attorney General notes another difference as well: that the *Phipps* measure provides for the formation of a committee to draft further legislation.

[2] Petitioner's proposed ballot title reads:

"ENDS STATE'S INVOLVEMENT IN LAND USE PLANNING COMPLETELY. RETAINS LOCAL PLANNING.

"QUESTION: Shall the state's land use authority end absolutely, the state's goals be abolished entirely, and land use planning be continued solely by counties and cities?

"EXPLANATION: Measure ends state's land use authority absolutely. It abolishes statewide land use planning goals, even as advisory guidelines. It retains and requires city and county land use planning and zoning. Measure abolishes Department of Land Conservation and Development, Land Conservation and Development Commission and Land Use Board of Appeals. Repeals 1981 'lots of record' law. Appeals of local land use decisions transferred to Circuit Courts."

This proposal adds the word "completely" to the caption; adds "absolutely," "entirely" and "solely" to the question, inserts "the state's" before "goals", and changes the "but" preceding "land use" to "and;" and inserts "absolutely" and the clause "even as advisory guidelines" in the explanation.

It is not our duty to determine whether petitioner's proposal is a "better" ballot title, but only whether the ballot, as it is now proposed, is somehow insufficient or unfair. *Zajonc v. Paulus,* 292 Or 19, 24-25, 636 P2d 417, *modified* 292 Or 250, 637 P2d 923 (1981). Confusion may, of course, be a matter of unfairness.

■ ■ The Attorney General, having drafted the ballot title certified in *Phipps* and the one challenged here, maintains the two ballot titles are distinguishable when each is read as a whole. The title here, he notes, asks in the "question" portion, and states in the second sentence of the "explanation," that the state's land use goals be *abolished.* This, he says, clearly distinguishes the two. While we cannot say that the fact that one measure abolishes the goals while the other provides that the "goals be advisory only" will probably create confusion, we find the captions of the two titles utterly confusing when considered in tandem. Compare the caption in *Phipps:*

ENDS STATE'S LAND USE PLANNING POWERS, RETAINS LOCAL PLANNING

with the caption in this case:

ENDS STATE'S INVOLVEMENT IN LAND USE PLANNING. RETAINS LOCAL PLANNING.

ORS 250.085(3) mandates that this court, in a ballot title challenge,

"review the title and measure to be initiated or referred, hear arguments, if any, and certify to the Secretary of State a title for the measure which meets the requirements of ORS 250.035."

ORS 250.035 forbids a title to resemble, "so far as probably to create confusion," any title previously filed for another measure in that election. We therefore cannot certify the caption as proposed by the Attorney General. We cannot, in the alternative, certify the caption proposed by petitioner, since it contributes little in the way of clarity and is unacceptable in terms of ORS 250.035(1)(a).

■ Since we are required to certify a title and can certify neither of those suggested, we take the responsibility to draft one which is neither insufficient, unfair nor

confusing.[3] Rewriting the caption and accepting otherwise the proposal of the Attorney General, we certify to the Secretary of State a title for the measure as follows:

### ABOLISHES STATE LAND USE LAWS, GOALS, AGENCIES. RETAINS LOCAL PLANNING.

"QUESTION: Shall the state's land use authority end, goals be abolished, but land use planning by counties and cities continue?

EXPLANATION: Measure ends state's land use authority. It abolishes statewide land use planning goals. It retains and requires city and county land use planning and zoning. Measure abolishes Department of Land Conservation and Development, Land Conservation and Development Commission and Land Use Board of Appeals. Repeals 1981 'lots of record' laws. Appeals of local land use decisions transferred to Circuit Courts.

Petition granted. Ballot title certified as modified.

---

[3] In *Americans for Democratic Action v. Paulus,* 289 Or 65, 68, 609 P2d 821 (1980), a case also involving a challenge to a ballot title seeking to eliminate state land use planning functions, we likewise rejected the captions proposed by the petitioner and the Attorney General and devised another. We have also, in the past, altered the language of ballot title explanations to correct insufficiencies or confusion. *See Burbidge v. Paulus,* 289 Or 35, 41-43, 609 P2d 815 (1980); *Zajonc v. Paulus, supra.*