OVERTON, Justice,
concurring specially.
I write separately to again suggest that the legislature and this Court devise a process whereby misleading language in the ballot title and summary can be challenged and corrected in sufficient time to allow a vote on the proposal. See Evans v. Firestone, 457 So.2d 1351, 1356 (Fla.1984) (Overton, J., concurring); Askew v. Firestone, 421 So.2d 151, 157 (Fla.1982) (Overton, J., concurring specially). As I previously noted, devising such a process does not require a constitutional change and necessitates only a statutory enactment. Oregon has a detailed process that requires petitions to be on specified forms prepared by the Secretary of State and, rather than allowing the proponents to draft the ballot title and summary, gives that task to the Attorney General. See ch. 250, Or.Rev. Stat. (1993). If there is an objection to the ballot summary, the Oregon Supreme Court then has the responsibility to determine whether the language is insufficient or unfair, as explained in its decisions in Zajonc v. Paulus, 292 Or. 19, 636 P.2d 417 (1981), and Priestley v. Paulus, 287 Or. 141, 597 P.2d 829 (1979). The Oregon Supreme Court also has the authority to rewrite and correct any misleading language. Unfortunately, the ballot title and summary are now written by the proponents of an initiative and this Court does not presently have the authority to correct and rewrite ballot title and summary language. Using uniform petition forms, having an independent entity such as the Attorney General draft the ballot title and summary language, and giving this Court the authority to correct misleading language, would eliminate some of the major problems that result in our having to remove proposals from the ballot.
GRIMES, C.J., concurs.