KEGG, *Petitioner,*
*v.*
PAULUS, *Respondent.*
(SC 25682)
576 P2d 1255

Robert W. Haines, Portland, argued the cause for petitioner. With him on the brief was Phillips, Coughlin, Buell, Stoloff & Black, Portland.

Paul R. Romain, Deputy Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Al J. Laue, Solicitor General, Salem.

PER CURIAM.

**PER CURIAM.**

This is an original proceeding in this court upon a petition for judicial review pursuant to ORS 254.077(1) of a ballot title for a proposed initiative amendment to the constitution of the state. The proposed amendment, in pertinent part, is as follows:

"Section 1. No nuclear fission power plants shall be operated within the State of Oregon except existing small experimental types used for research and medical purposes.

"Section 2. Radioactive wastes and/or fuels shall not be transported or stored in the State of Oregon except that used by reactors permitted under Section 1 of this Amendment."

Pursuant to ORS 254.055(2) the Attorney General filed with defendant, the Secretary of State, the following ballot title for the proposed amendment:

"PROHIBITS MOST NUCLEAR POWER
PLANT OPERATION, RADIOACTIVE
WASTE, FUEL STORAGE

"This measure proposes a new Constitutional article prohibiting operation of nuclear fission power plants in Oregon. The measure would also prohibit transportation and storage of nuclear wastes and fuels in the state. Existing small experimental plants used for research and medical purposes, and their fuels, are excepted from this measure's prohibition."

Thereafter, this proceeding was instituted by petitioner who, claiming that the ballot title submitted by the Attorney General was insufficient and unfair, proposed the following title:

"PROHIBITS NUCLEAR POWER PLANT
OPERATION, WASTE, FUEL STORAGE
AND TRANSPORTATION

"This proposed constitutional article would prohibit operation of all nuclear fission power plants in Oregon, including existing power plants. It would prohibit all transportation and storage of radioactive waste and fuels within Oregon. Existing small experimental types used for research and medical purposes, and their fuels and wastes, are the only exceptions to this measure's

[ 49 ]

prohibitions. It would prohibit mining, medical uses, other than those experimental types excepted, and manufacturing activities which generate radioactive waste."

■ In response to the petition, the Attorney General has conceded, upon defendant's behalf, that some clarifications of the original proposed ballot title would be proper and proposes that it be modified to read as follows:

"PROHIBITS NUCLEAR POWER PLANT
OPERATION, WASTE, FUEL STORAGE
AND TRANSPORTATION

"This measure proposes a new constitutional article prohibiting operation of nuclear fission power plants in Oregon. The measure would also prohibit transportation and storage of radioactive wastes and fuels in the state. Existing small experimental type plants used for research and medical purposes, and their fuels and wastes, are excepted from this measure."

Petitioner, still being dissatisfied in some respects, contends the last sentence of its proposed ballot title is essential and should be added to the tendered compromise. The last sentence reads:

"* * * It would prohibit mining, medical uses, other than those experimental types excepted, and manufacturing activities which generate radioactive waste."

The language encompasses petitioner's contention as to the consequences of the adoption of the amendment, rather than its provisions, and as such is, in our opinion, inappropriate for a ballot title and is better the subject for argument to members of the public concerning that which it is claimed will result if they should pass the proposed amendment.

Petitioner also contends that there should be inserted in the Attorney General's proposed modification the word "all" before the words "nuclear fission power plants" in the first sentence. It is our opinion that the insertion of the word "all" adds nothing to the meaning or clarity of the language.

[ 50 ]

Petitioner urges that the words, "experimental type plants" in the third sentence be changed to "experimental types," thus deleting the word "plants." As a matter of English, this seems undesirable, because the question immediately arises, types of what? From an inspection of the text of the amendment, it is apparent that "types" refers back to "plants." Petitioner argues that these experimental "types" are not "power plants" under definitions extraneous to the proposed amendment and, therefore, "plants" should be deleted. However, the proposed amendment calls them "plants." Petitioner's argument is better addressed to the voters.

Petitioner further contends that the word "radioactive" should be inserted before the words "fuels and wastes" in the third sentence. While our technical knowledge is limited, it does not seem to us that this addition would materially improve the clarity of the ballot title.

In our consideration of all of the above contentions, it is our duty to determine whether the ballot title is "insufficient or unfair," ORS 254.077(1), and not to determine whether petitioner's proposed title is better or whether we could devise a better one ourselves. *Drummonds v. Myers,* 273 Or 216, 540 P2d 368 (1975). It is our conclusion that the proposed compromise ballot title submitted by the Attorney General upon behalf of the Secretary of State meets the statutory standard and we certify it to the Secretary of State pursuant to ORS 254.077(1).