On joint petition for rehearing filed December 14,
former opinion filed November 24 (292 Or 19, 636 P2d 417),
petition for rehearing granted, ballot title certified
as amended December 22, 1981

ZAJONC,
*Petitioner,*

*v.*

PAULUS,
*Respondent/petitioner.*

(SC 28152)

637 P2d 926

On the joint petition for rehearing were Donna B. Zajonc, Salem, petitioner, and Dave Frohnmayer, Attorney General, Salem, William F. Gary, Solicitor General, Max Rae, Law Clerk, and John A. Reuling, Jr., Salem, for respondent/petitioner.

PER CURIAM

## PER CURIAM.

After our decision in this case, the petitioner and the respondent filed a joint petition for rehearing in which they agreed that the proposed amended title in the respondent's memorandum, which was adopted by this court, was misleading and therefore inaccurate. In their joint petition, they point out that after our opinion was released they noted a further problem with the ballot title which had not been addressed by either the petitioner's Petition to Review Ballot Title or by the respondent's Answering Memorandum.

The ballot title which we certified contains this sentence in the Explanation:

"* * * It also permits *direct* state loans to elderly persons to buy ownership interest in single units in multifamily housing. * * *" (Emphasis added.)

The parties now agree that:

"The above quoted paragraph and the explanation paragraph proposed in respondent's Answering Memorandum contain a sentence beginning 'It also permits direct state loans to elderly persons. . . .' (Answering Memorandum, p 6, 1 17-18). Respondent's intent in using this language was to point out that HJR 1 would permit loans to be made *directly to* elderly persons for purchase of ownership interest in single units in multifamily housing. We now note that it also incorrectly implies that such loans would be made *directly by* the state. Oregon Laws 1981, ch 504, sec 12 provides:

" 'Notwithstanding the provisions of ORS 456.625(7), the [Housing] division shall not make any single family residential loan directly to any individual unless the Legislative Assembly or Emergency Board finds that private lending institutions are unwilling or unable to participate in the division's single-family residential loan programs or portions of those programs under ORS 456.550, 456.559 and 456.574 to 456.720.'

"This statute is applicable to the multifamily elderly housing program, provided for in ORS 456.615 to 456.720. It is contemplated that loans for purchase of ownership interest in single units would be made by lending institutions, and that the Housing Division would then purchase the loans in accordance with current practices." (Emphasis theirs.)

We agree that the ballot title should be further amended by deleting the word "direct" from the sentence quoted above. We therefore certify to the Secretary of State a title for the measure as follows:

"MULTIFAMILY HOUSING FOR ELDERLY
AND DISABLED PERSONS

"QUESTION: Shall loans be made under elderly housing bond program for housing for disabled persons? Shall low income restriction be repealed?

"EXPLANATION: Amends state constitution. At the present time, the state may sell bonds to make loans to finance multifamily housing for low income elderly persons. The measure repeals the low income restriction. This measure also allows loans for multifamily housing for disabled persons. It also permits state loans to elderly persons to buy ownership interest in single units in multifamily housing. It does not increase the bonding authority of the state."

Petition for rehearing granted. Ballot title certified as amended.