Submitted February 3, ballot title certified February 24, 1982

# MITCHELL,
*Petitioner,*
*v.*
# PAULUS,
*Respondent.*

(SC 28401)

640 P2d 1390

David A. Rhoten, of Rhoten, Rhoten & Speerstra, Salem, filed the brief for petitioner.

John A. Reuling, Jr., Chief Counsel, Salem, filed the brief for respondent. With him on the brief were Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, William F. Gary, Solicitor General, and Max Rae, Law Clerk, Salem.

Before Denecke, Chief Justice, and Tongue,* Lent, Linde, Peterson, Tanzer and Campbell, Justices.

PER CURIAM.

---

* Tongue, J., retired February 7, 1982.

## PER CURIAM.

Pursuant to ORS 250.085 the petitioner challenges the ballot title prepared by the Attorney General for an initiative measure. According to petitioner: "The Initiative Measure essentially changes the rate of tax on motor carrier users on Oregon's public highways/roads/streets by increasing the tax for heavier trucks in amounts greater than the rates for lighter weight trucks."

Very recently we reviewed the statutory criteria established for our review of ballot titles. *Christie v. Paulus,* 292 Or 344, 638 P2d 478 (1981); *Zajonc v. Paulus,* 292 Or 19, 636 P2d 417, 292 Or 250, 637 P2d 926 (1981). A ballot title prepared by the Attorney General is subject to change if we find it "insufficient or unfair." ORS 250.085(1).

The ballot title prepared by the Attorney General states:

"RAISES COMMERCIAL VEHICLE ROAD TAX.

"LARGER INCREASES FOR HEAVIER TRUCKS.

"QUESTION: Shall commercial vehicle taxes for road repair and construction be raised, with largest increases for heaviest trucks?

"EXPLANATION: The Measure would raise commercial vehicle highway taxes. Rates for heavier trucks would be increased more than rates for lighter vehicles. Use of these funds is limited by the Oregon Constitution to road repair, improvement and construction. This Measure would repeal 1 cent per gallon increases in state taxes on gas and other motor fuels to take effect July 1, 1983 and July 1, 1984 if Ballot Measure 4 was approved in 1982 Primary Election."

The title proposed by the petitioner states:

"RAISES MOTOR CARRIER ROAD TAXES.

"LARGER TAXES ON HEAVIER TRUCKS.

"QUESTION: Shall taxes on motor carriers be raised and be based on the weight of the trucks?

"EXPLANATION: Raises motor carrier taxes. Tax is based on truck weight. Funds used for construction, repair and policing of highways, roads and streets."

■ The petitioner contends that the title is "ambiguous" because it refers to a tax on "commercial vehicles" whereas, the statutes to be amended by the initiative measure refer to "motor carriers." "Carriers," the operators of the vehicles, pay the tax but the tax is a "weight-mile" tax on vehicles. The acts to be amended are headed, "Relating to motor vehicle taxes." "Commercial vehicles" is a term more likely to be used by lay persons and is not an "insufficient or unfair" phrase.

■ Petitioner further contends that the statement in the ballot title that the use of the funds "is limited by the Oregon Constitution to * * *," should be deleted. The petitioner has no objection to stating that the funds are to be used for certain enumerated purposes. The statement in the Attorney General's title is correct and, while not essential, adds to the voter's information about the measure.

■ Petitioner also objects to the statement in the title to the effect that the initiative would repeal increases in motor fuels taxes which would take effect if Ballot Measure 4 was approved. In support of this contention petitioner relies upon a statement in *Kegg v. Paulus,* 282 Or 47, 50, 576 P2d 1255 (1978), to the effect that a statement of the consequences of the adoption of a measure is inappropriate for a ballot title "and is better the subject for argument to members of the public concerning that which it is claimed will result if they should pass the proposed amendment." 282 Or at 50. The statement in the present proposed title is not a statement of arguable consequences of the initiative; it is a statement of what the initiative expressly provides. Section 3 of the initiative provides: "If chapter 799, [Ballot Measure 4] becomes law, sections 1 and 2 of this Act and sections 5, 6 7, 8, 9, 10, 11 and 12, chapter 799, Oregon Laws 1981, are repealed."

The ballot title prepared by the Attorney General is certified to the Secretary of State.