Submitted February 17 and March 1,
ballot title certified March 24, 1982

MILLER,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

BOWLBY,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28420, SC 28445)

642 P2d 665

James E. Griffin, Lake Oswego, for petitioner Miller.

David S. Shannon, of Shannon & Johnson, Portland, for petitioner Bowlby.

John A. Reuling, Jr., Chief Counsel, Dave Frohnmayer, Attorney General, and Max Rae, Law Clerk, Salem, for respondent.

PER CURIAM.

**PER CURIAM.**

Petitioners Miller and Bowlby requested this court to review a ballot title certified by the Attorney General. The title was for a proposed initiative measure relating to self-service gasoline pumps.

Miller contends that part of the title, entitled "Explanation," is "insufficient." ORS 250.085(1).[1] Miller does not challenge the caption or the "Question" of the certified title. In response to Miller's petition, the Attorney General submitted an amended "Explanation" which remedies one deficiency alleged by Miller.

The amended title submitted by the Attorney General is:

"PERMITS SELF-SERVICE DISPENSING OF
MOTOR VEHICLE FUEL AT RETAIL

"QUESTION: Shall persons other than service station operators/employes be allowed to pump gasoline and other vehicle fuels for retail sale?

"EXPLANATION: Only owners, operators and employes of filling stations, garages and other places where motor vehicle fuel is sold may now pump gasoline and other flammable fuels for retail sale. Measure requires State Fire Marshal to adopt safety rules, effective on or after March 1, 1983, allowing retail customers and others to fill with gasoline and other motor vehicle fuels (except liquid petroleum gas) vehicle fuel tanks and other containers."

The title proposed by Miller is:

"PERMITS SELF-SERVICE DISPENSING OF
MOTOR VEHICLE FUEL AT RETAIL.

"Shall persons other than service station operators/employees be allowed to pump gasoline and other vehicle fuels for retail sale?

"Presently, only operators and employees of filling stations and other retail outlets may dispense motor vehicle fuel to the retail public.

"This measure changes the law to permit customers to fill their own tanks and containers with gasoline and other

---

[1] Very recently we reviewed the statutory criteria established for our review of ballot titles. *Christie v. Paulus,* 292 Or 344, 638 P2d 478 (1981); *Zajonc v. Paulus,* 292 Or 19, 636 P2d 417, 292 Or 250, 637 P2d 926 (1981).

motor vehicle fuels, except liquid petroleum gas. It requires the State Fire Marshal to adopt rules for safety. It would take effect March 1, 1983."

While the two explanations differ in language in several places, the only contention made by Miller in his petition, other than that remedied by the amendment, is that the title certified by the Attorney General "uses widely differing verbiage to describe the same commodity, which source of confusion may mislead the public, * * *." Apparently Miller is referring to that part of the explanation stating that at places where "motor vehicle fuel" is sold only operators may now pump "gasoline and other flammable fuels."

The present statutes, ORS 480.310-480.340, do not use the words "motor vehicle fuel" or "gasoline." Legislative Counsel, however, prepared headnotes for the statutes using the word "gasoline." The proposed initiative does not use the word "gasoline" but only "motor vehicle fuel" or "fuels." The question which both parties agree upon refers to "gasoline and other vehicle fuels." The explanation proposed by the petitioner states, in effect, that presently only operators can pump "motor vehicle fuels" whereas, under the initiative customers can pump "gasoline and other motor vehicle fuels."

■       In light of the use of "differing verbiage" in the initiative, by Legislative Counsel in providing headnotes, in the agreed upon "question" and in the "explanation" proposed by Miller, we conclude its use in the certified title does not make the title "insufficient."

Petitioner Bowlby also contends the Attorney General's title is "insufficient" and "unfair" and proposes the following ballot title:

"PERMITS SELF-SERVICE RETAIL DISPENSING
OF CLASS I FLAMMABLE LIQUIDS

"QUESTION: Shall persons other than trained owner/employees be permitted to dispense Class I Flammable Liquids at retail outlets marketing them?

"STATEMENT: Measure would repeal the present Oregon laws relating to the dispensing of Class I

Flammable Liquids, which presently only allows owner/employees of garages, filling stations and similar retail establishments to do such dispensing, and declares dispensing of Class I Flammable Liquids by self service to be hazardous.

"The measure delegates to the State Fire Marshal all responsibility for making rules pertaining to the safety of dispensing devices, and compliance with his safety standards."

Bowlby contends the Attorney General's caption and question are deficient in that they refer to "motor vehicle fuel," whereas the legislature in the presently applicable statute has defined the product as "Class I Flammable Liquids." The proposed initiative does not use the phrase "Class I Flammable Liquids"; it provides: "Self service dispensing of motor vehicle fuel shall be permitted." In addition, most voters would not know that the phrase, "Class I Flammable Liquids," as defined in ORS 480.310, means "liquids with a flash point below 25 degrees Fahrenheit, closed cup tester."

■ Bowlby also contends the title is defective because liquid petroleum gas is a motor vehicle fuel but the initiative does not permit it to be self-dispensed and neither the caption nor the question contain this exclusion. The ten-word limit on the caption and the 20-word limit on the question do not permit the statement of the exclusion of liquid petroleum gas as well as a statement of other portions of the initiative which are more significant.

Petitioner Bowlby also contends the question is "insufficient and unfair" because it asks, "Shall persons other than service station operators/employes" be allowed to pump gasoline. Because other establishments, such as garages, are affected by the initiative, Bowlby contends the question should not be restricted to "service stations." Because of the word limitation on the caption and question, the words and phrases used frequently must be less specific than those in the Statement. That was the situation in this instance. The Statement reads, "Only owners * * *, of filling stations, garages and other places where motor vehicle fuel is sold may now pump gasoline * * *."

ORS 480.320 now provides that a gasoline dispensing establishment cannot use a device to dispense gasoline

when the hand of the operator is removed from the device except a device that is equipped with an automatic nozzle approved by the State Fire Marshal with a certain specified mechanism which is capable of shutting off the nozzle when the tank is filled or the nozzle slips from the tank. The initiative repeals ORS 480.340 and does provide that only automatic nozzles can be used which have been approved by the State Fire Marshal but does not provide any criteria to guide the Fire Marshal in setting standards for approval. Petitioner Bowlby contends this difference is significant and the ballot title's failure to point it out makes the title insufficient.

We conclude that this difference is not significant enough to require that the title expressly state the difference. In his proposed ballot title, petitioner Bowlby attempts to point up this difference by stating that the measure delegates to the Fire Marshal "all" responsibility for making rules pertaining to dispensing devices. The Attorney General's proposed title states the measure requires the Marshal "to adopt safety rules" allowing customers and others to fill fuel tanks. We find the Attorney General's proposed statement sufficient.

The amended ballot title prepared by the Attorney General as set out above is certified to the Secretary of State.