Submitted on petition and answering memorandum April 5,
ballot title certified as modified April 16, 1982

FREDERICK,
*Petitioner,*
*v.*
PAULUS,
*Respondent.*

(SC 28557)

643 P2d 873

Joseph D. Robertson and Paul J. DeMuniz of Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem, filed petition to review ballot title for petitioner.

John A. Reuling, Jr., Chief Counsel, Opinion Section, and Max Rae, Law Clerk, Salem, filed the answering memorandum for respondent. With them on the memorandum were David B. Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

PER CURIAM.

## PER CURIAM.

In this original proceeding under ORS 250.085, petitioner challenges the sufficiency and fairness of the ballot title for a measure relating to coverage provided by health care insurers and contractors. The ballot title prepared by the Attorney General and filed by respondent states:

"REQUIRES HEALTH INSURERS TO
PAY ALL LICENSED HEALTH
CARE PRACTITIONERS

"QUESTION: Shall health care insurers and contractors pay for covered health services of all licensed practitioners of healing or corrective arts?

"EXPLANATION: The measure requires health insurers to pay for covered medical and surgical services lawfully provided by any licensed health care practitioner. Chiropractors, dentists, naturopaths, optometrists, osteopaths, podiatrists and medical doctors are all health care practitioners. The measure also requires hospital associations, health service contractors and health maintenance organizations to pay for covered services lawfully provided by any licensed health care practitioner. Effective with policies and contracts entered into after this year."

■ Petitioner contends that this ballot title is insufficient and unfair because it does not identify what petitioner considers the major purpose of the measure: to "eliminate consumer choice and mandate the purchase of additional health care benefits." Although the measure may have that consequence, its requirements are directed to health care insurers and contractors, not to their customers. Section 2 of the measure requires health insurers and contractors to cover medical or surgical services lawfully performed by any licensed practitioner of the healing or corrective arts when the services would be covered if performed by a medical doctor. Section 4 of the measure imposes a similar requirement on hospital associations, health care service contractors and health maintenance organizations. Together, these sections require health care insurers, hospital associations, health care service contractors and health maintenance organizations to pay for or provide covered services when lawfully performed by designated licensed practitioners of the healing or corrective arts. This is the chief

purpose of the measure, regardless of the consequences that purpose may entail. As we stated in *Kegg v. Paulus,* 282 Or 47, 50, 576 P2d 1255 (1978):

"* * * The language encompasses petitioner's contention as to the consequences of the adoption of the amendment, rather than its provisions, and as such is, in our opinion, inappropriate for a ballot title and is better the subject for argument to members of the public concerning that which it is claimed will result if they should pass the proposed amendment."

Respondent's ballot title is not unfair or insufficient in this respect.

■        Petitioner next contends that the ballot title is unfair and insufficient as it identifies the health care practitioners to which the measure would apply. The measure requires coverage for services performed by the licensed practitioners of healing or corrective arts "referred to in ORS 676.110." That statute refers only to podiatrists, chiropractors, dentists, naturopaths, optometrists, osteopaths, physicians and surgeons, and veterinarians. Petitioner has two objections in this respect. First, he argues that the ballot title is insufficient because it does not include veterinarians among the covered practitioners. Veterinarians are listed in ORS 676.110, but they are not licensed to treat humans. ORS 686.030. Requiring coverage of veterinary services for human beings does not appear to be a purpose of the measure. Sufficiency and fairness do not require mention of veterinarians in the explanation.

■        Second, petitioner argues that the explanation purports to require health care insurers and contractors to pay for covered services of "any" licensed practitioners of healing or corrective arts, whereas the measure requires payment only to those practitioners referred to in ORS 676.110. Although the explanation goes on to identify the practitioners listed in ORS 676.110 (except veterinarians), it states that they are "all" health care practitioners. Use of the terms "any" and "all" may imply that the measure applies to other practitioners not expressly mentioned in the explanation, *e.g.,* denturists and psychologists. This ambiguity is reinforced by the proposed question, which refers to payment for services of "all licensed practitioners of the healing or corrective arts." Because the measure is

more limited than the ballot title implies, it is insufficient in this respect and we must modify it to remedy that insufficiency.

■     Finally, petitioner argues that the explanation is insufficient because it does not state that the measure may repeal by implication the present statutes which require health care insurers and contractors to pay for covered services provided by other practitioners not included in this measure.[1] Whether or not the implied repeal of those statutes is a consequence of the measure, it is not the measure's chief purpose. *See, Kegg v. Paulus, supra.* The measure is not unfair or insufficient in this respect.

In order to clarify the practitioners covered by the measure, we certify respondent's ballot title, as modified, in this form:

### REQUIRES HEALTH INSURERS TO PAY DESIGNATED LICENSED HEALTH CARE PRACTITIONERS

QUESTION: Shall health care insurers and contractors pay for covered health services of designated licensed practitioners of healing or corrective arts?

EXPLANATION: The measure requires health insurers to pay for covered medical and surgical services lawfully provided by designated licensed health care practitioners. The measure also requires hospital associations, health service contractors and health maintenance organizations to pay for covered services lawfully provided by designated licensed health care practitioners. Designated health care practitioners are chiropractors, dentists, naturopaths, optometrists, osteopaths, podiatrists and medical doctors. Effective with policies and contracts entered into after this year.

Ballot title certified as modified.

---

[1] *See, e.g.,* ORS 743.052, 743.123, 743.132, 743.135.