No. 608　　　　　July 9, 2025　　　　　671

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Christopher Edward AZORR,
*Plaintiff-Respondent,*

*v.*

Jolene Jamie AZORR,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CN00661; A184974

Katherine E. Weber, Judge.

Submitted June 4, 2025.

Natalie Thorp filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Armstrong, Senior Judge.

ORTEGA, P. J.

Reversed.

## ORTEGA, P. J.

Wife appeals a judgment of contempt assessing significant monetary sanctions for violation of a prior judgment of dissolution. Because the dissolution judgment did not contain terms specific enough to justify the necessary finding that wife willfully violated it, we reverse.

We set forth the following facts necessary to understand our disposition. A judgment dissolving the parties' marriage was entered in June 2023. Among other things, the dissolution judgment awarded the marital home to husband, and awarded child support and spousal support to wife, to commence on the first day of the month in which wife vacated the marital home. The dissolution judgment did not specify a date by which that was to happen, though it did specify dates as to other aspects of the judgment, including the transfer of personal property awarded to the parties.

Nearly a year after entry of that judgment, wife was still living in the home that had been awarded to husband, though husband had communicated to her several times by email and certified mail asking her to vacate. Husband moved for a contempt judgment requiring wife to pay $1,500 for every month that she had remained at the property and $500 for every additional day that she remained. The dissolution judgment did not include a requirement that wife pay rent while remaining in the home awarded to husband.

The court entered a contempt judgment which did not find that wife willfully violated the dissolution judgment. Instead, the court found that wife had violated the dissolution judgment because her choice to remain in the property awarded to husband was "nonsensical" and that a period of 60 days after the entry of the dissolution judgment would have been "the end of a reasonable period for [her] to have vacated the property." The court further found that "it would be nonsensical to award real property to one party in a divorce and be required to indicate a specific date by which the other party must move out of the property." As a remedial sanction, the court ordered wife to pay $1,500 per month for 10 of the months that she had remained in the property, required her to vacate the property by a date

two weeks after its order, and to pay $500 per day for any day she remained after that date. The contempt judgment further provided that wife would be required to pay monthly rent of $1,500 after that date if she remained in the property and that husband would not be required to pay spousal support until receiving the full $15,000 sanction award from wife.

We review a trial court's finding of contempt for any evidence to support the court's findings. *Keller and Holdner*, 232 Or App 341, 344, 222 P3d 1111 (2009) (internal quotation marks omitted). Contempt occurs when a person willfully disobeys and fails to comply with a court's order. ORS 33.015(2). To establish contempt, there must be "(1) proof of an existing, valid court order, (2) the contemnor's knowledge of the order, and (3) the contemnor's willful noncompliance with that order." *State v. Welch*, 295 Or App 410, 417, 434 P3d 488 (2018). In the context of contempt, acting willfully means acting "intentionally and with knowledge that the act or omission was forbidden conduct." *State v. Nicholson*, 282 Or 51, 62, 383 P3d 977 (2016) (internal quotation marks and brackets omitted).

The record in this case does not support a finding of contempt. A court's assessment of a party's conduct as "nonsensical" was not sufficient to show willful disobedience of a judgment, nor may a party be sanctioned for failure to comply with a court's after-the-fact determination of what would be reasonable but was not specified in the judgment itself. Where a judgment lacks terms specific enough to establish that a party has willfully violated it, amending that judgment may be reasonable; assessing monetary sanctions for violating terms supplied after the fact is not permitted as a remedial sanction for contempt.

Reversed.