Argued and submitted September 5, ballot title certified October 25, 1990

Henry KANE,
*Petitioner,*

*v.*

Barbara ROBERTS,
*Respondent.*

(SC S37288)

799 P2d 639

Henry Kane, Beaverton, filed the petition and argued the cause *pro se.*

No appearance *contra.*

Before Peterson, Chief Justice, and Carson, Gillette, Van Hoomissen, Fadeley, and Graber, Justices.

CARSON, J.

## CARSON, J.

This original proceeding challenges a ballot title for a proposed initiative measure that, if enacted, would amend the Oregon Constitution by adding the following section 41 to Article I:

"All people shall be secure in the Natural right, to exercise privacy in their personal affairs."[1]

The Attorney General certified the following ballot title to the Secretary of State, pursuant to ORS 250.067(2):

"AMENDS OREGON CONSTITUTION TO INCLUDE A RIGHT TO PRIVACY

"*QUESTION:* Shall the Constitution be amended to include a section allowing people 'to exercise privacy in their personal affairs'?

"*SUMMARY:* This measure would amend the Oregon Constitution. The full text of the new section is: 'All people shall be secure in the Natural right, to exercise privacy in their personal affairs.' "

Arguing that the "caption, question and explanation/summary are unfair, incomplete and misleading,"[2] petitioner proposes the following alternative ballot title:

"CONSTITUTIONAL ACT MAKING PRIVATE ACTS CONSTITUTIONAL

"*QUESTION:* Shall Constitution be amended to make constitutionally protected undefined acts performed in private?

---

[1] The proposed initiative measure, in its entirety, provides:

"Be it enacted by the People of Oregon:

"The Constitution of the State of Oregon is amended by the creation of a new section to Article I: to be known as Article I, Section 41, and to read:

"Section 41. Right to Privacy

"All people shall be secure in the Natural right, to exercise privacy in their personal affairs."

[2] Since 1985 (Or Laws 1985, ch 447, § 6), the test upon review by this court is *substantial compliance* with the requirements of ORS 250.035 (reasonable identification of subject, plain phrasing of chief purpose, and a concise and impartial statement summarizing the measure and its major effect) and ORS 250.039 (when readability standard reviewed: requirements of impartiality, conciseness and accuracy). Until amendment, effective January 1, 1990, the Oregon Rules of Appellate Procedure focused on "insufficiency" and "unfairness." *Former* ORAP 15.05(4)(a). The new rule, ORAP 11.30, conforms to the "substantial compliance" test.

"*SUMMARY:* This measure amends the Oregon Constitution. It allows people 'to exercise privacy in their personal affairs.' It would make unconstitutional civil and criminal laws the courts conclude violate a person's privacy. State laws forbidding private use/possession of marijuana and other illegal drugs would be unenforceable."

In this, as in all ballot title reviews, we examine the ballot title certified to the Secretary of State by the Attorney General for "substantial compliance" with the requirements of ORS 250.035 and 250.039. ORS 250.085(4).

Petitioner's overarching dissatisfaction with the certified ballot title—which is at the root of his specific concerns regarding the Caption, Question, and Summary—is the assertion that the purpose behind the proposed measure "is manifest - to legalize marijuana and other illegal drugs." Petitioner argues that his alternative ballot title "speaks to the purpose and major effect of the measure - to establish a new state right to privacy in the Oregon Constitution, the effect of which will be to make laws in conflict unconstitutional." Petitioner argues further that "[t]he ballot title must do more than merely quote the language of the measure." We now turn to petitioner's arguments on each of the three components of the ballot title.

## THE CAPTION

The Caption must reasonably identify the subject of the measure in 10 words or less. ORS 250.035(1)(a). Petitioner makes no argument that the Caption certified by the Attorney General does not comply substantially with this requirement. Instead, petitioner proffers his own version and asserts that, because the certified Caption uses the word "include," it is "misleading because the ballot title does not make clear that the measure adds to the Constitution a right to do 'private' acts that presently violate state civil and criminal statutes." Petitioner is asserting a potential *effect* (discussed below) of the enactment of the proposed measure and not focusing on the statutory function of this component of the ballot title. The certified Caption, identifying the subject of the measure as an amendment to the constitution to include a right to privacy, substantially complies with the statute.

## THE QUESTION

The Question must plainly phrase the chief purpose of the measure in no more than 20 words. ORS 250.035(1)(b). The "chief purpose" is the most significant aim or end that a measure is designed to bring about. *Reed v. Roberts,* 304 Or 649, 654, 748 P2d 542 (1988). The unambiguous language of this proposed measure would add a right to privacy to our constitution, and that is the most significant end that the measure is designed to bring about.

Petitioner asserts that the purpose of the measure is to legalize marijuana and other illegal drugs, a theme echoed by three other citizens who registered objections to the Attorney General's draft ballot title before the Secretary of State. Whatever the motivation of the proponents may be in sponsoring this ballot measure, "[i]t is the chief purpose of *the measure*—not the perceived motivation of the proponents— that the Question must reflect." *Bauman v. Roberts,* 309 Or 490, 495, 789 P2d 258 (1990). (Emphasis in original.) The purpose of the measure is plainly stated on its face: To secure for the people of Oregon a constitutional right to privacy, a right potentially of far more sweeping consequence than its possible effect on the use or possession of marijuana.

## THE SUMMARY

The third component of the ballot title is the Summary, which must summarize the measure and its "major effect" in 85 words or less. ORS 250.035(1)(c). There are two distinct aspects of the Summary: a summary of the proposed measure and a summary of its major effect. A succinct summary of the ballot measure is that it amends the state constitution to add specific language establishing the right to privacy. A more precise manner to inform the voter of what is to be added to the constitution is to quote the words of the proposed amendment. This the Attorney General's certified ballot title does.

The second aspect of this component is the summary of the "major effect" of the ballot title. In this proposed measure, there is an identity of purpose and major effect: The purpose is to establish a constitutional guarantee to privacy, and the major effect of the measure is the same. It is true, as petitioner's alternative Summary suggests, that an effect of

the measure might be to "make unconstitutional civil and criminal laws the courts conclude violate a person's privacy." But one effect of *any* constitutional provision is that it invalidates legislatively enacted laws that thereafter may be determined by the courts or legislature to be in conflict. Yet, this is not its *major* effect; the major effect is to create a constitutional right to privacy.

Although a proposed constitutional amendment may have far-reaching ramifications, its major effect sometimes may be stated succinctly. How, for example, would one state the major effect of Article I, section 8, of the Oregon Constitution—our free speech guarantee—other than to say that it guarantees free speech? Would the voters be assisted by conjecture about the potential ramifications or secondary effects of the constitutional provision? Further, would it be helpful to the voters to state that, if adopted, the effect of such a provision would have to be determined by the courts? A broad-sweeping proposal may have many effects—secondary, tertiary, or endless. But "[s]peculation about potential secondary effects has no place in any part of a ballot title." *Bauman v. Roberts, supra,* 309 Or at 495.

In summary, while it would be useful if this court could predict the effects of a constitutional provision guaranteeing a right to privacy, it is neither possible nor appropriate to do so. Admittedly, the Summary appears bare when it simply quotes the proposed measure. Yet, as sometimes is the case—and this is one—the shorter the proposed measure and the broader its implications, the less can be predicted about the details of its major effect.

The ballot title certified by the Attorney General substantially complies with the statutory requirements and is certified:

### AMENDS OREGON CONSTITUTION TO INCLUDE A RIGHT TO PRIVACY

*QUESTION:* Shall the Constitution be amended to include a section allowing people "to exercise privacy in their personal affairs?"

*SUMMARY:* This measure would amend the Oregon Constitution. The full text of the new section is: "All people shall be secure in the Natural right, to exercise privacy in their personal affairs."

Pursuant to ORAP 11.30(10) and notwithstanding ORAP 9.25(1) and 14.05, this decision certifying a ballot title will become effective when the appellate judgment issues. The State Court Administrator shall issue the appellate judgment 10 days from the filing date of this decision, unless a petition for reconsideration is filed with and actually received by the Office of the State Court Administrator within seven days of the filing date of this decision. A timely petition for reconsideration will toll issuance of the appellate judgment until the court acts on all timely petitions for reconsideration. If the court denies reconsideration, the Administrator shall issue the appellate judgment the next judicial day after denial of all timely filed petitions for reconsideration.