Argued and submitted March 5, ballot title certified April 22, 1993

Janet ARENZ,
Diane Linn and Ali Stickney,
*Petitioners,*

*v.*

Phil KEISLING,
Secretary of State of the State of Oregon,
*Respondent,*

*and*

Walter HUSS,
*Intervenor-Respondent.*

(SC S39991)

849 P2d 521

Stephen S. Walters, ACLU Foundation of Oregon, Inc., Portland, argued the cause and filed the petition for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the

answering memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Terrance L. McCauley, Estacada, argued the cause and filed a memorandum for intervenor-respondent.

UNIS, J.

Graber, J., dissented and filed an opinion in which Gillette and Fadeley, JJ., joined.

## UNIS, J.

In this original proceeding, petitioners challenge a ballot title certified by the Attorney General to the Secretary of State. We review this ballot title for "substantial compliance" with the requirements of ORS 250.035.[1] ORS 250.085(4). Pursuant to ORS 250.067(1), petitioners filed with the Secretary of State timely written comments concerning the Attorney General's certified ballot title. Petitioners, therefore, are entitled to bring this proceeding. ORS 250.085(2) and (5).

The Attorney General certified the following ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
LEGAL RIGHTS RESERVED TO
PEOPLE VESTED AT CONCEPTION

"QUESTION: Shall Oregon's Constitution state that rights reserved to people by constitution and laws are 'vested in natural persons at conception'?

"SUMMARY: This measure would amend the Oregon Constitution. It would state, 'The rights, privileges and immunities reserved to the people by this Constitution and by the statutes and common law of the State of Oregon shall be vested in natural persons at conception.' "

Petitioners assert that the Caption, Question, and Summary are deficient in several ways. We have considered petitioners' arguments, and we conclude that the ballot title certified by the Attorney General complies substantially with the requirements of ORS 250.035(1). Substantial compliance is all that the statute requires. ORS 250.085(4). *Baker v. Keisling*, 312 Or 8, 11, 815 P2d 698 (1991).

---

[1] ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a) A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b) A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c) A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

The ballot title certified by the Attorney General is approved and certified to the Secretary of State. This decision shall become effective pursuant to ORAP 11.30(10).

**GRABER, J.,** dissenting.

The majority holds that the ballot title in this matter substantially complies with the requirements of ORS 250.035, which provides in part:

"(1)   The ballot title of any measure to be initiated or referred shall consist of:

"(a)   A caption of not more than 10 words which reasonably identifies the subject of the measure;

"(b)   A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)   A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

The Attorney General's ballot title does not "reasonably identif[y] the subject of the measure" in the Caption, does not "plainly phrase[] the chief purpose of the measure" in the Question, and does not "summariz[e] the * * * major effect" of the measure in the Summary. Therefore, I respectfully dissent.

The Attorney General certified the following ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
LEGAL RIGHTS RESERVED TO
PEOPLE VESTED AT CONCEPTION

"QUESTION:   Shall Oregon's Constitution state that rights reserved to people by constitution and laws are 'vested in natural persons at conception'?

"SUMMARY:   This measure would amend the Oregon Constitution. It would state, 'The rights, privileges, and immunities reserved to the people by this Constitution and by the statutes and common law of the State of Oregon shall be vested in natural persons at conception.' "

Petitioners timely filed written comments with the Secretary of State, ORS 250.067(1), objecting to the Attorney

General's certified ballot title. Petitioners argue that the certified ballot title "simply repeats the language of the proposed measure and does not inform the voters that the proposed amendment would work a fundamental change in Oregon law." Among other things, petitioners believe that voters should be told that "[t]his measure would change the law by giving human fetuses the same legal rights as living persons after birth."

That argument of petitioners is correct. Relying on *Kane v. Roberts*, 310 Or 423, 799 P2d 639 (1990), the Attorney General has done nothing more meaningful in the Caption, Question, or Summary than to quote from the measure itself. Although that opinion approved such an approach under the particular facts of that case, *Kane v. Roberts* does not suggest that mere repetition is a substitute for information *any* time that a proposed measure is short or controversial or both. Unlike *Kane v. Roberts*, this is a case in which explanation is both possible and statutorily required. *See Reed v. Roberts*, 304 Or 649, 748 P2d 542 (1988) (mere repetition of words of measure did not substantially comply with statutory requirements; court revised ballot title).

It is impossible to predict all (or even most) of the consequences that would flow from adoption of this proposed constitutional amendment, but the parties agree on one major effect. In accordance with the language of the measure, the Attorney General explained, in briefing and in argument, that the measure would "extend" a "multitude" of legal rights under the constitution, statutes, and laws of this state to "an embryo or fetus." That explanation makes sense of terms — such as "rights reserved to people" and "natural persons" — with which lay voters may not be familiar. Yet, the Caption, Question, and Summary certified by the Attorney General and approved by the majority deprive voters of even that much information. That is not substantial compliance with the statutory mandate. *See Baker v. Keisling*, 312 Or 385, 391-92, 822 P2d 1162 (1991) (verb used in proposed ballot title failed to identify the subject of the measure; court substituted other verbs).

Because of the failure of the certified ballot title substantially to comply with the statutory directive to inform voters, I would substitute the following ballot title:

## AMENDS CONSTITUTION: VESTS LEGAL RIGHTS IN HUMAN EMBRYOS AND FETUSES

QUESTION: Shall Oregon's constitution be amended to vest in human embryos and fetuses the same legal rights as apply after birth?

SUMMARY: This measure would amend the Oregon Constitution. The full text of a new section of the Oregon Constitution would state: "The rights, privileges and immunities reserved to the people by this Constitution and by the statutes and common law of the State of Oregon shall be vested in natural persons at conception." This measure would extend to human embryos and fetuses the same legal rights, privileges, and immunities as are held by people after birth.

Gillette and Fadeley, JJ., join in this dissenting opinion.