On petitions to review ballot title and explanatory statement filed March 17, under advisement June 23; ballot title referred to Attorney General for modification, explanatory statement modified and, as modified, certified to the Secretary of State July 2, 2020

Ronald A. BUEL,
*Petitioner,*

*v.*

Ellen F. ROSENBLUM,
Attorney General, State of Oregon
*Respondent.*

S067555 (Control)

Kyle MARKLEY,
*Petitioner,*

*v.*

Ellen F. ROSENBLUM,
Attorney General, State of Oregon
*Respondent.*

S067556

(SC S067555 (Control), SC S067556)

468 P3d 459

A joint legislative committee prepared a ballot title and an explanatory statement for Legislative Referendum 401 (2020) (LR 401). Petitioners challenged the ballot title and the explanatory statement on the grounds that they did not substantially comply with the requirements of ORS 250.035 and ORS 251.235, respectively. *Held*: The joint legislative committee's ballot title and explanatory statement for LR 401 do not substantially comply with the requirements of ORS 250.035 and ORS 251.235.

The ballot title is referred to the Attorney General for modification. The explanatory statement is modified and, as modified, is certified to the Secretary of State.

En Banc

Daniel W. Meek, Portland, filed the petition, reply, and supplemental brief for petitioner Ronald A. Buel.

Eric C. Winters, Wilsonville, filed the petition, reply, and supplemental brief for petitioner Kyle Markley.

Carson L. Whitehead, Assistant Attorney General, Salem, filed the answering memorandum and supplemental brief for respondent. Also on the answering memorandum and supplemental brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Daniel W. Meek, Portland, filed the memorandum for *amici curiae* in S067556, Ronald A. Buel and Elizabeth Trojan.

Steven C. Berman, Stoll Berne PC, Portland, filed the brief for *amici curiae* Sonny Mehta and Yes for Fair and Honest Elections.

BALMER, J.

The ballot title is referred to the Attorney General for modification. The explanatory statement is modified and, as modified, is certified to the Secretary of State.

**BALMER, J.**

By Legislative Referendum (LR) 401 (2020), the legislature asks the voters to approve or reject a constitutional amendment that would permit the legislature, local governments, and the people through the initiative process to pass laws regulating campaign finance and advertising. As provided in Oregon Laws 2019, chapter 674, section 1, a joint legislative committee drafted the ballot title and explanatory statement for LR 401. In these consolidated cases, petitioners seek review of the ballot title and the explanatory statement. Petitioner Markley challenges all parts of the ballot title; he contends that the caption, "yes" and "no" result statements, and the summary do not comply with the requirements set out in ORS 250.035(2). Petitioner Buel challenges the ballot title summary and the explanatory statement.

After the parties completed briefing on petitioners' challenges, this court decided *Multnomah County v. Mehrwein*, 366 Or 295, 462 P3d 706 (2020), in which the court concluded that a Multnomah County ordinance limiting campaign contributions was not subject to a facial challenge under Article I, section 8, of the Oregon Constitution. That decision overruled, in part, the court's earlier decision in *Vannatta v. Keisling*, 324 Or 514, 931 P2d 770 (1997), in which the court held that certain statutes that provided for, among other things, mandatory limits on contributions to state political campaigns, violated Article I, section 8. Because the ballot title "no" result statement and summary and the explanatory statement all briefly describe the state of the law before the court's issuance of the *Mehrwein* decision, the court then asked the parties to submit supplemental briefing concerning the effect, if any, that *Mehrwein* has on this matter. The parties have now filed supplemental briefs on that issue.

For the reasons explained below, the ballot title's "no" result statement and summary and the explanatory statement must be modified. We otherwise reject petitioners' arguments. We refer the ballot title to the Attorney General for modification of the "no" result statement and summary. Additionally, having concluded that the explanatory

statement also must be modified, we modify the explanatory statement as set out later in this opinion and certify it as modified to the Secretary of State. Or Laws 2019, ch 674, § 6 (directing Supreme Court to review and certify explanatory statement).

## I.   BACKGROUND

We begin with a brief description of the background and the procedures adopted by the legislature for review of LR 401. During the 2019 legislative session, the Legislative Assembly passed Senate Joint Resolution (SJR) 18, which, as we will discuss in more detail below, proposes to amend Article II, section 8, of the Oregon Constitution, to allow regulation of campaign finance and advertising. Paragraph 2 of SJR 18 provides that the constitutional amendment proposed by that resolution shall be submitted to the people for their approval or rejection at the next regular general election held throughout the state.

Also during the 2019 session, the legislature enacted Oregon Laws 2019, chapter 674, which, among other things, sets out time frames and procedures for drafting and review of a ballot title and explanatory statement for any constitutional amendment referred to the people by the legislature during that session, including SJR 18. Under Oregon Laws 2019, chapter 674, a joint legislative committee is responsible for drafting the ballot title and explanatory statement. Or Laws 2019, ch 674, § 7. With certain exceptions, the standards for ballot titles and explanatory statements set out in ORS chapters 250 and 251 apply to the ballot title and explanatory statement for this legislatively referred measure. Notably, the otherwise applicable statutory word limitations for the ballot title's caption, "yes" and "no" result statements, and summary do not apply. *Id*. § 1(1)(a). However, the existing content requirements for each element of a ballot title, set out in ORS 250.035(2), and for an explanatory statement, set out in ORS 251.235, continue in force. Or Laws 2019, ch 674, § 5(4) (Supreme Court shall review ballot title for substantial compliance with the requirements of ORS 250.035); Or Laws 2019, ch 674, § 6(1) (person challenging explanatory statement must state reasons explanatory statement is "insufficient or unclear,"

which is standard set out in ORS 251.235). If we determine that modification of the ballot title is required, we may modify it ourselves or refer it to the Attorney General for modification. Or Laws 2019, ch 674, § 5(6). If we determine that modification of the explanatory statement is required, we make the required modifications and certify an explanatory statement that complies with statutory standards. Or Laws 2019, ch 674, § 6(3) (the explanatory statement certified by the court shall be the explanatory statement printed in the voters' pamphlet).

## II.   BALLOT TITLE REVIEW

As noted, SJR 18 amends Article II, section 8, of the Oregon Constitution by adding provisions dealing with the regulation of campaign finance and advertising. Specifically, the measure allows state and local governing bodies and the people through the initiative process to enact laws that (1) "[l]imit contributions made in connection with political campaigns or to influence the outcome of any election in a manner that does not prevent candidates and political committees from gathering the resources necessary for effective advocacy"; (2) "[r]equire the disclosure of contributions or expenditures made in connection with political campaigns or to influence the outcome of any election"; (3) "[r]equire that an advertisement made in connection with a political campaign or to influence the outcome of any election identify the persons or entities that paid for the advertisements"; and (4) "[l]imit expenditures made in connection with political campaigns or to influence the outcome of any election to the extent permitted under the Constitution of the United States." The measure also provides that the amendment applies retroactively to laws or ordinances enacted or approved by the voters on or after January 1, 2016.

A joint legislative committee prepared the following ballot title and filed it with the Secretary of State as required by Oregon Laws 2019, chapter 674, section 1(1)(a):

"**AMENDS CONSTITUTION:  ALLOWS LAWS LIMITING POLITICAL CAMPAIGN CONTRIBUTIONS AND EXPENDITURES, REQUIRING DISCLOSURE OF POLITICAL CAMPAIGN CONTRIBUTIONS AND EXPENDITURES, AND REQUIRING POLITICAL**

CAMPAIGN ADVERTISEMENTS TO IDENTIFY WHO PAID FOR THEM.

"**RESULT OF 'YES' VOTE:**   'Yes' vote allows laws, created by the Legislative Assembly, local governments or voters that limit contributions and expenditures made to influence an election. Allows laws that require disclosure of contributions and expenditures made to influence an election. Allows laws that require campaign or election advertisements to identify who paid for them. Campaign contribution limits cannot prevent effective advocacy. Applies to laws enacted or approved on or after January 1, 2016.

"**RESULT OF 'NO' VOTE:**   'No' vote retains current law. Courts currently find the Oregon Constitution does not allow laws limiting contributions to candidates or political committees by a person, corporation, or union.

"**SUMMARY:**   The Oregon Supreme Court has interpreted the Oregon Constitution to prohibit limits on campaign contributions and expenditures. The proposed measure amends the Oregon Constitution to allow the Oregon Legislative Assembly, local governments, and the voters by initiative to pass laws that limit contributions and expenditures made in connection with a political campaign and contributions and expenditures made to influence an election. The measure would allow laws that would require disclosure of political campaign and election contributions and expenditures. The measure would allow laws that require political campaign and election advertisements to identify who paid for them. Laws limiting campaign contributions cannot prevent effective advocacy. Measure applies to all laws enacted or approved on or after January 1, 2016."

As noted, we review the ballot title for "substantial compliance with the requirements of ORS 250.035." Or Laws 2019, ch 674, § 5(4). The "substantial compliance" standard is a flexible one, and it allows room for the exercise of discretion by the ballot title drafter. As this court has stated, "there has to be some play in the joints of the ballot title writing process, if this court is to maintain its status as a law-enforcing court, rather than an editorial board." *Caruthers v. Myers*, 343 Or 162, 168, 166 P3d 514 (2007). In reviewing a ballot title, the court's role is limited to determining whether the ballot title "is a concise and impartial statement of the purpose of the measure, and we are not

concerned with whether the petitioner's proposed title may be better or even whether we could devise a better one ourselves." *Priestley v. Paulus*, 287 Or 141, 145, 597 P2d 829 (1979).

A.   *Caption*

We begin with the caption, which must "reasonably identif[y] the subject matter" of SJR 18. ORS 250.035(2)(a). The caption should "state or describe the proposed measure's subject matter accurately, and in terms that will not confuse or mislead potential petition signers and voters. * * * The 'subject matter' is the actual major effect of a measure or, if the measure has more than one major effect, all such effects" within any applicable word limit. *Parrish v. Rosenblum*, 365 Or 597, 599-600, 450 P3d 973 (2019) (citations and internal quotation marks omitted). Again, the joint legislative committee's caption provides:

> "**AMENDS CONSTITUTION: ALLOWS LAWS LIMITING POLITICAL CAMPAIGN CONTRIBUTIONS AND EXPENDITURES, REQUIRING DISCLOSURE OF POLITICAL CAMPAIGN CONTRIBUTIONS AND EXPENDITURES, AND REQUIRING POLITICAL CAMPAIGN ADVERTISEMENTS TO IDENTIFY WHO PAID FOR THEM.**"

Petitioner Markley contends that the caption fails to satisfy the statutory standard in several ways. For the reasons set out below, we find none of those arguments persuasive.

First, as an overarching criticism of the caption and the other parts of the ballot title, petitioner Markley contends that the words "limits" and "limiting" and the phrase "influence the outcome of an election" should be placed in quotation marks and described as "(undefined)," because, in his view, it is unclear what types of actions could be viewed as influencing the outcome of an election. However, nothing in the measure suggests that those words have an unusual meaning or that the words used would fail to alert voters to the scope of the measure.

Second, petitioner Markley asserts that the caption is deficient because it does not identify all the measure's

major effects. He points out that the "substantial compliance" standard recognizes that, in an ordinary case, drafters may have to employ terse phrasing and prioritize the major effects of the measure to be identified in the caption for the voters because of the strict word limitations set out in ORS 250.035(2)(a). In this case, however, the drafters are not constrained by word limits, and therefore, he argues, there is no reason for the caption not to list all the major effects of SJR 18. Specifically, petitioner Markley argues that one major effect of the measure is that it would "extend independent regulatory powers to all Oregon cities, counties and districts with legislative authority over the transfer, use and disclosure of money or things of value in elections," but, he asserts, that effect is not listed in the caption.

Petitioner Markley does not elaborate on the argument, and it is not clear to us what part of that "major effect" he contends is actually missing from the caption. To the extent that he is arguing that the caption should, but does not, mention that "all Oregon cities, counties and districts with legislative authority" may enact laws restricting campaign contributions and expenditures, that concern is misplaced. The caption uses the phrase "*allows laws* limiting political campaign *** expenditures." (Emphasis added.) The words "allows laws" suggest that governing bodies with authority to pass laws in general may specifically pass laws limiting political campaign contributions and expenditures. The caption need not enumerate all the types of governing bodies that are authorized to enact laws in Oregon. And, in any event, additional detail is provided in the "yes" result statement and the summary, which refer to laws created by the Legislative Assembly, local governments, and voters.

To the extent that petitioner Markley is arguing that the caption should, but does not, mention that the laws authorized under the measure may address the "transfer, use and disclosure of money or things of value in elections," that concern also is misplaced. The caption states that the measure allows laws "limiting political campaign contributions and expenditures [and] requiring disclosure of political campaign contributions and expenditures." The phrase "limiting *** expenditures" adequately encompasses

transferring and using money or things of value, and, likewise, the phrase "requiring disclosure of *** expenditures" adequately encompasses requiring disclosure of money or things of value.

Third, petitioner Markley argues that the caption is deficient because it does not inform voters "that their freedom of political expression may be restricted by future legislation that would not be subject to protections currently afforded by Oregon's Bill of Rights." Petitioner Markley notes that SJR 18 provides that the measure permits laws limiting expenditures made in connection with political campaigns or to influence elections "to the extent permitted under the United States Constitution." He explains that Oregon's constitutional protections for speech are broader than those provided by the federal constitution, and he suggests that the measure might therefore permit campaign expenditure restrictions that the Oregon Constitution would prohibit. Petitioner Markley argues that the caption's failure to describe that possible eventuality "misleads voters who reasonably expect that constitutional rights would not be severed without clear warning."

As we have stated, the caption must state the major effects of a proposed measure. The caption states that the proposed measure "allows laws limiting political campaign contributions and expenditures." That sentence adequately describes two major effects of SJR 18: It would permit laws limiting political campaign contributions, and it would permit laws limiting campaign expenditures. In arguing that the caption is deficient because it does not explain that SJR 18 might permit certain restrictions that Article I, section 8, would prohibit, petitioner Markley is positing a potential ramification of the enactment of the proposed measure that may or may not come to pass. That is not a legitimate basis for modifying the ballot title. As we have often stated, "[s]peculation about potential secondary effects has no place in any part of a ballot title." *Bauman v. Roberts*, 309 Or 490, 495, 789 P2d 258 (1990); *accord Parrish*, 365 Or at 602 (same); *Kane v. Roberts*, 310 Or 423, 428, 799 P2d 639 (1990) (same). For that reason, petitioner Markley's concern need not be addressed in the caption or in other parts of the ballot title.

We are not persuaded that the ballot title caption is deficient in any of the ways that petitioner Markley identifies. We therefore reject petitioner Markley's objections to the caption, and we conclude that the caption substantially complies with the requirements of ORS 250.035(2)(a).

B.   *"Yes" Result Statement*

Petitioner Markley also challenges the "yes" result statement. A "yes" result statement must set out "[a] simple and understandable statement * * * that describes the result" if a proposed measure is approved. ORS 250.035 (2)(b). The "yes" result statement "should describe the most significant and immediate effects of the ballot initiative for the general public." *Parrish*, 365 Or at 603 (internal quotation marks omitted).

Petitioner Markley confines his argument to stating that the "yes" result statement has "similar" flaws as the caption and that it therefore does not substantially comply with ORS 250.035(2)(b). As discussed above, we disagree that the caption suffers from the flaws that petitioner Markley identifies, and we conclude that the caption substantially complies with the requirements of ORS 250.035. For the same reasons, we conclude that the "yes" result statement is not deficient in any way that petitioner Markley contends. The "yes" result statement substantially complies with the requirements of ORS 250.035(2)(b).

C.   *"No" Result Statement*

A "no" result statement must be "[a] simple and understandable statement * * * that describes the result" if a proposed measure is rejected. ORS 250.035(2)(c). The joint legislative committee's "no" result statement states:

> "**RESULT OF 'NO' VOTE:**   'No' vote retains current law. Courts currently find the Oregon Constitution does not allow laws limiting contributions to candidates or political committees by a person, corporation, or union."

At the time that the joint legislative committee prepared the ballot title and explanatory statement for LR 401, that "no" result statement was a correct, if incomplete, description

of the state of the law. Prior to this court's decision in *Mehrwein*, it was correct to state that courts found that the Oregon Constitution did not allow laws limiting *contributions or expenditures*. *See Vannatta*, 324 Or at 520-24 (so holding).

As we have stated, after the parties submitted their briefing on LR 401, this court overruled *Vannatta* in part and held in *Mehrwein* that Article I, section 8, does not categorically prohibit limits on campaign contributions. Both petitioners and the Attorney General now recognize that the "no" result statement is inaccurate and that it must be referred to the Attorney General for modification to reflect that development. We agree. The parties have proposed different ways to reflect the change resulting from *Mehrwein*. We are not required to draft modifications to the ballot title, and we refer the ballot title to the Attorney General for that purpose.

In his initial brief, petitioner Markley also challenged the "no" result statement on the ground that it fails to "clearly reference all the rights that would be compromised by passage of LR 401 (including the right to make political expenditures)." We agree with petitioner Markley in one respect: the joint legislative committee's "no" result statement fails to address the current state of the law regarding limitations on expenditures. As petitioner Markley observes, this court held in *Vannatta* that campaign expenditures designed to indicate to others the spender's preferred political choice are a form of expression, and, under Article I, section 8, they cannot be restricted. 324 Or at 520-24. That ruling was not disturbed by this court's recent decision in *Mehrwein*. 366 Or at 331 (declining to reconsider *Vannatta*'s expenditure holding). As we have stated, allowing laws that limit campaign expenditures is a major effect of SJR 18. For that reason, the current state of the law with respect to limitations on campaign expenditures should be part of the "no" result statement.

For those reasons, the "no" result statement does not substantially comply with the requirements of ORS 250.035(2(c) and must be modified accordingly.

D. *Summary*

Petitioners Markley and Buel challenge the ballot title summary. For convenience, we repeat the summary here:

"**SUMMARY:** The Oregon Supreme Court has interpreted the Oregon Constitution to prohibit limits on campaign contributions and expenditures. The proposed measure amends the Oregon Constitution to allow the Oregon Legislative Assembly, local governments, and the voters by initiative to pass laws that limit contributions and expenditures made in connection with a political campaign and contributions and expenditures made to influence an election. The measure would allow laws that would require disclosure of political campaign and election contributions and expenditures. The measure would allow laws that require political campaign and election advertisements to identify who paid for them. Laws limiting campaign contributions cannot prevent effective advocacy. Measure applies to all laws enacted or approved on or after January 1, 2016."

A ballot title summary must consist of a "concise and impartial statement * * * summarizing the state measure and its major effect." ORS 250.035(2)(d).

As we have already explained with respect to the "no" result statement, the first sentence of the joint legislative committee's summary is incorrect in light of this court's recent decision in *Mehrwein*. The Attorney General must modify the summary to reflect that change in the current law.

Petitioner Markley also argues that the summary is flawed in the same ways that he contends that the caption and "yes" result statement are flawed. We reject those arguments for the same reasons that we rejected them with respect to the caption and "yes" result statement.

Petitioner Buel asserts, with little explanation, that the summary is deficient in four ways. As we shall explain, none of his arguments is well taken.

First, petitioner Buel asserts that the summary inaccurately states that current case law prohibits limits on campaign contributions and expenditures. As noted, we

agree that, in light of *Mehrwein*, the summary's description of current law respecting limits on contributions is now inaccurate. However, petitioner Buel also argues that current law respecting limits on expenditures is more nuanced than the statement in the summary—"prohibit[s] limits on campaign *** expenditures"—suggests. We disagree. As this court has stated, under Oregon law, campaign expenditures "are forms of expression protected by [the constitution], thus making legislatively imposed limitations on individual political campaign *** expenditures impermissible." *Meyer v. Bradbury*, 341 Or 288, 299, 142 P3d 1031 (2006). The summary's description of current law with respect to campaign expenditures is accurate.

Second, petitioner Buel contends that the summary is deficient because it fails to address current law concerning disclosure of donors and those who pay for political advertisements. However, petitioner Buel does not identify any current law that addresses that topic; in fact, he concedes that there is no case law from this court or the Court of Appeals addressing the constitutionality of such laws.

The summary provides:

> "The measure would allow laws that would require disclosure of political campaign and election contributions and expenditures. The measure would allow laws that require political campaign and election advertisements to identify who paid for them."

A "major effect" of the measure is that it would expressly permit laws requiring disclosure of donors and those who pay for political advertisements. The quoted sentences accurately describe that major effect, as ORS 250.035(2)(d) requires.

Third, petitioner Buel claims that the measure incorrectly implies that the only way that voters may adopt laws permitted under LR 401 is through the initiative process and not through legislative referral. The summary provides that the measure "allow[s] the Oregon Legislative Assembly, local governments, and the voters by initiative to pass laws" permitted under the measure. That phrasing mirrors the text of the measure, which authorizes lawmaking

by the "Legislative Assembly, the governing body of a city, county, municipality or district empowered by law or by this Constitution to enact legislation, or the people through the initiative process." SJR 18, ¶ 1. The summary no more suggests that legislative referrals are impermissible than does the measure itself.

Fourth, and finally, petitioner Buel complains that the summary "omits any explanation for the January 1, 2016, retroactive validation date." By that he means that the summary should, but does not, explain what laws would or might be affected by the measure. He specifically contends that the summary should explain to voters that the legislature enacted a law in 2019 that will become effective on December 3, 2020, which will among other things, require communications made in support of or in opposition to a candidate to state the name of the person or persons who paid for the communication. *See* HB 2716 (2019) (so providing).

The summary accurately describes the retroactivity provision as applying "to all laws enacted or approved on or after January 1, 2016." Neither ORS 250.035 nor this court's case law requires a ballot title summary to describe which state laws might be affected by a measure. The major effects of SJR 18 are to amend the constitution and to make the amendment retroactive to January 1, 2016. The summary accurately describes those major effects.

To summarize, the joint legislative committee's ballot title summary states that this court has interpreted the Oregon Constitution to prohibit limits on campaign contributions and expenditures. One part of that statement is inaccurate in light of the court's recent decision in *Mehrwein*. None of petitioners' other arguments are well taken; the remainder of the summary substantially complies with the requirements of ORS 250.035(2)(d). The summary must be modified to reflect the change in current law, and we therefore refer the summary to the Attorney General for modification.

## III.   EXPLANATORY STATEMENT REVIEW

Petitioner Buel challenges the explanatory statement prepared by the joint legislative committee for LR 401 in multiple respects. Additionally, all parties agree that

the second paragraph of the explanatory statement, like the ballot title's "no" result statement and summary, is now inaccurate in light of *Mehrwein*.

ORS 251.225 directs the joint legislative committee to prepare "an impartial, simple and understandable" explanatory statement for each state measure. Under Oregon Laws 2019, chapter 674, a person challenging the explanatory statement must provide reasons that the statement is "insufficient or unclear." Or Laws 2019, ch 674, § 6(1); ORS 251.235 (setting same standard). In reviewing an explanatory statement, the court defers to the committee's drafting choices; it is the petitioner's burden to show that "the choices that the committee [made in drafting the explanatory statement] were legally 'insufficient.'" *Sizemore v. Myers*, 327 Or 456, 468, 964 P2d 255 (1998). The court has held, further, that it will not modify an explanatory statement "unless its insufficiency is beyond reasonable argument." *Id.* at 467.

The explanatory statement prepared by the joint legislative committee for LR 401 provides:

"Ballot Measure XX amends the Oregon Constitution to allow laws to place limits on political contributions and expenditures, to require disclosure of campaign contributions and expenditures and to require political advertisements to identify who paid for them.

"Courts currently find that the Oregon Constitution prohibits limits on contributions and expenditures made in connection with a political campaign or to influence the outcome of an election.

"Ballot Measure XX amends the Oregon Constitution to allow the Legislative Assembly, local governments and the people through the initiative process to pass laws or ordinances that limit contributions and expenditures made in connection with a political campaign or to influence the outcome of an election. The measure also allows laws that require disclosure of contributions and expenditures made in connection with a political campaign or to influence the outcome of an election and laws that require an advertisement made in connection with a political campaign or to influence the outcome of an election to identify who paid for the advertisement. Laws limiting campaign contributions cannot prevent effective advocacy.

"The proposed amendment applies to laws and ordinances enacted or approved on or after January 1, 2016."

Petitioner Buel's initial challenges to the explanatory restatement simply repeat the arguments he made with respect to the ballot title summary. For the same reasons that we rejected petitioner Buel's challenges to the ballot title summary, we find that petitioner Buel has not demonstrated that the explanatory statement is legally insufficient.

We agree, however, that the explanatory statement must be modified to reflect the change in the law after this court's decision in *Mehrwein*. Under Oregon Laws 2019, chapter 674, this court must certify an accurate explanatory statement to the Secretary of State. Because the explanatory statement is inaccurate in light of *Mehrwein*, we must modify it. Or Laws 2019, ch 674, § 6 (directing Supreme Court to review and certify explanatory statement); *Livingston v. Kroger*, 347 Or 307, 315, 220 P3d 418 (2009) (modifying explanatory statement).

Petitioner Buel has not given the court specific guidance as to how to modify the wording of the second paragraph of the explanatory statement to accommodate the changes to current law arising from the court's decision in *Mehrwein*. Instead, he proffers as an alternative the summary that he proposed for the ballot title, and he suggests that we adopt that summary in its entirety in place of the joint legislative committee's explanatory statement. Petitioner Buel's proposed ballot title summary, among other things, sets out at length the history of this court's case law respecting statutory limits on campaign contributions and expenditures through to the present. Petitioner Buel has not offered a persuasive explanation why that information is necessary or why, without it, the joint legislative committee's explanatory statement is "insufficient beyond reasonable argument," so as to justify replacing it wholesale with his proposed ballot title summary.

The Attorney General, on the other hand, proposes that we substitute the following for the explanatory statement's existing second paragraph:

"Courts currently find that the Oregon Constitution prohibits limits on expenditures made in connection with a political campaign or to influence the outcome of an election. Limits on campaign contributions are allowed if the text of the law does not target expression."

That proposed wording is a simple and clear summary of the state of the law after our decision in *Mehrwein*. With that wording substituted for the existing wording of the second paragraph in the explanatory statement, we conclude that the explanatory statement would be legally sufficient. We therefore modify the explanatory statement by substituting the foregoing paragraph for the second paragraph of the explanatory statement prepared by the joint legislative committee.

Pursuant to Oregon Laws 2019, chapter 674, section 6(2), we certify to the Secretary of State the following explanatory statement for LR 401:

"Ballot Measure XX amends the Oregon Constitution to allow laws to place limitations on political contributions and expenditures, to require disclosure of campaign contributions and expenditures and to require political advertisements to identify who paid for them.

"Courts currently find that the Oregon Constitution prohibits limits on expenditures made in connection with a political campaign or to influence the outcome of an election. Limits on campaign contributions are allowed if the text of the law does not target expression.

"Ballot Measure XX amends the Oregon Constitution to allow the Legislative Assembly, local governments and the people through the initiative process to pass laws or ordinances that limit contributions and expenditures made in connection with a political campaign or to influence the outcome of an election. The measure also allows laws that require disclosure of contributions and expenditures made in connection with a political campaign or to influence the outcome of an election and laws that require an advertisement made in connection with a political campaign or to influence the outcome of an election to identify who paid for the advertisement. Laws limiting campaign contributions cannot prevent effective advocacy.

"The proposed amendment applies to laws and ordinances enacted or approved on or after January 1, 2016."

The ballot title is referred to the Attorney General for modification. The explanatory statement is modified and, as modified, is certified to the Secretary of State.